*440
 
 The Chief Justice having stated the case, and the objections to the verdict, proceeded to deliver the opinion of the court in the following manner:
 

 McKean, Chief Justice.
 

 The court have heard the reasoning in support of the motion, and the arguments against it; and upon a perusal and full consideration of the cases cited on both sides, our opinion is unanimously formed in favor of the plaintiff.
 

 In support of the first ground assigned for a new trial, it has been urged, that the parol proof contradicted the deed given by the witnesses themselves; that in Pennsylvania, lands must pass by deed, will, or some writing signed by the parties, or by the act and operation of the law ; that a declaration of uses must be by deed; that no parol evidence should be admitted respecting an agreement or deed, which may add to, diminish, vary or contradict the agreement or deed, but only to explain it; and that John Saltar and his Avife were estopped from saying anything against their own deed. In corroboration of these positions, the folloAving books have been cited: Cowp. 47, 260; 2 W. Black. 1250, 335, 327; 2 Atk. 383; 3 Id. 388; 2 Wils. 506; 3 Id. 275; Bac. Max. 90, Regula, 23; 1 Black. Com. 78, 79; 2 Id. 13; 3 Id. 439; Bull. N. P. 357; 5 Bac. Abr. 362; Brown Chan. Cases, 92, 94; 2 Bac. Abr. 309; 1 Wils. III; Fitzgib. 213; 1 Bac. Abr. 75; 1 State Laws, 462-3.
 

 Since the statute of frauds and perjuries, in England, and the act of assembly for j>reventing frauds and perjuries in Pennsylvania, it has, indeed, been a general rule, that no estate or interest in lands shall pass, but by deed, or some instrument in writing, signed by the parties ; and that no parol proof shall be admitted to contradict, add to, diminish, or vary from a deed or writing,
 
 (a)
 
 But it is certain, that there are several exceptions to this rule,
 
 *441
 
 and many
 
 cases may be
 
 found in which parol proof has been admitted, notwithstanding writings have been signed between the parties. For instance, where a declaration is made
 
 before a
 
 deed is executed, showing the design with which it was executed, the decisions in the court of chancery, have been grounded upon
 
 parol
 
 proof ; and in the case of
 
 Harvey
 
 v. Harvey, 2 Chan. Cases, 180, three successive chancellors decreed, on the parol evidence of a single witness, against a deed of settlement. See Fitzg. 213, 214.
 

 In cases of fraud, and of trusts, though, no trust was declared in writing, exceptions have likewise taken place:
 
 Thynn
 
 v. Thynn, 1 Vern. 296.
 
 (a)
 
 As, where an
 
 absolute
 
 deed was given, but intended to *be in trust; on ^ parol proof of the party’s intention, the trust was decreed.
 
 Hamp-
 
 <-
 
 ton
 
 v. Spencer, 2 Vern. 288,
 
 et e contra.
 
 And the same decision was pronounced, in the case of an agreement or trust being confessed by an answer, although such trust had only been declared by parol.
 
 Bellasis
 
 v.
 
 Compton,
 
 Ibid. 294;
 
 Croyson
 
 v.
 
 Banes,
 
 Prec. in Chan. 208. So, where a party is drawn in, by assurances and promises, to execute a deed, to enter into a marriage, or to do any other act, and it is stipulated that the treaty or agreement should be reduced into writing ; although this should not be done, the court, if the agreement is executed in part, will give relief. A man treating for the loan of money on a mortgage, it was agreed, that an absolute deed should be. given by the mortgagor, and a deed of defeasance executed by the mortgagee ; the absolute deed being given, the mortgagee refused to execute the defeasance,
 
 but
 
 the court of chanceiy interposed to enforce justice agreeably to the agreement of the parties. Prec. in Chan. 103-4; Skin. 143; 9 Mod. 88. In another instance, where an absolute conveyance is made for a certain sum of money, and the person to whom it is made receives interest for the money, the receipt of the interest will be admitted to explain the nature of the conveyance. Prec. in Chan. 526; 1 Wils. 620; s. c. 2 Freem. 268, 285.
 

 There are other authorities which bear a strict analogy to the case before us. A copyholder, intending to give the greatest part of his estate to his godson, and the residue to his wife, was persuaded by the latter to nominate her to the whole, declaring that she would give the godson the part designed for him ; after her husband’s death, she refused to perform this promise, and pleaded the statute of frauds and perjuries, but the decree was against her. Again, a father being about to make a will to provide for his younger .children, is prevented by his son and heir apparent’s promising, that he would make the provision for his brothers and sisters ; the son and heir afterwards refused to fulfill this engagement; but, on an application to the chancellor, the decree was also against him. So, where the issue in tail persuades the
 
 *442
 
 tenant in tail not
 
 o
 
 suffer a recovery, in order to provide for younger children, upon an assurance that the tenant in tail would provide for them himself, which he afterwards x’efuses, equity will compel him to do it.
 
 Devenish
 
 v. Baines, Prec. in Chan. 3;
 
 Chamberlaine
 
 v.
 
 Chamberlaine,
 
 2 Freem. 34.
 

 A voluntary settlemexxt is made by A. to B., who, afterwards, without any consideration, agrees to deliver it up: this agreement shall bind in equity; for a
 
 voluntary
 
 settlement may be surrendered
 
 voluntarily. Wentworth
 
 v.
 
 Deverging,
 
 Prec. in Chan. 69.
 

 The statute and act of assembly were made to px-event/rowfe, as well as
 
 perjuries;
 
 they should bo construed liberally, and beneficially expounded for the suppression of cheats and wrongs. Thus, whex-e there has been a fraud in gaining a conveyance from another, the grantee may be considered *4281 as a mere trastee.
 
 Lloyd
 
 v.
 
 Spillet,
 
 Barnard, in Chan. 388. *In the -* case now under consideration, Mrs. Dorothy Saltar was seised in fee of the premises stated in the ejectment ; and had she made no conveyance, her sister, Maxy Thonxson, would have been her heix--at-law ; but her husband, Avhom she loved, wished to enjoy the estate during his life, and she designed that her sister1, axxd her sister’s children, should have the estate uncontrolled by her husband. With this view, the deeds wex-e executed; and if the solemn px-omise and agreement of Laurence Saltar is'not to be enforced, his heix’-at-law will have the estate, contrary to the intention of all parties.
 

 The question then is, whether the engagement of Saltar, not being in writing, although it concerns lands of inheritance, is void by the act of assembly for preventing frauds and perjuries ?
 

 We are of opinion, that it is not; and that the parol evidence was proper to be admitted upon the trial of the cause,
 
 (a)
 
 Here was a bx-each of trust in Laux-ence Saltar-,
 
 a fraud in law,
 
 which is not within the act. This is the reason of our judgment; a reason warranted by a due construction of the act, and an attentive consideration of its frame and design ; which was not only to guard against perjuries, but also, as I have already observed, against frauds. It is to be remembered, that there is no purchaser-,
 
 bond fide,
 
 for a valuable considex-ation, without notice, in the px-esent case ; the defendant claims under the heir-at-law of Laurence Saltar ; he ought, therefore, to perform what Laurence should have ¡xex-formed; and equity will consider that as done, which ought to have been done; Grounds, &c., of Law and Equity, 75. Every man’s contract (wherever it is possible) should, indeed, be jxei’formed as it was intended.
 

 The numerous cases cited, as well as some determined in this coux’t, both before and since the revolution (several of which are in point) all turn upon the same principle, and are uniformly in favor of the plaintiff ; and so many uniform, solemn decisions, ought to be always of great weight and consideration, that the law may be certain. I am glad, indeed, that the present motion has been made, because it has afforded an opportunity of full deliberation on the subject, and of settling it upon a satisfactory and permanent foundation.
 

 With respect to the second objection, we are clearly of opinion, that the
 
 *443
 
 verdict was given agreeable to the weight of the evidence. And upon the whole, direet, that judgment be entered for the plaintiff.
 

 (a)
 

 The cases in the Pennsylvania reports, recognising this rule, are very numerous,
 
 *441
 
 and sufficiently familiar to the profession. It may he enough to refer to the following, as the leading decisions on the subject. O’Hara v. Hall, 4 Dall. 340; McDermot
 
 v.
 
 United States Ins. Co., 3 S. & R. 609; Cozens
 
 v.
 
 Stevenson, 5 Id. 421; McWilliams v. Martin, 12 Id. 259; Wright
 
 v.
 
 Deklyne, Peters C. C. 204; In Iddings
 
 v.
 
 Iddings, 7 S. & R. 145, C. J. Tilghman, expressed his inclination rather to narrow than enlarge the Opening for the admission of parol evidence.
 

 (a)
 

 Drum v. Simpson, 6 Binn. 482; Christ v. Deffebach, 1 S. & R. 464; Iddings v. Iddings, 7 Id. 114; McMeen v. Owen, 1 Yeates 135; s. c. 2 Dall. 173; Zantzinger
 
 v
 
 Ketch, 4 Id. 132; Miller v. Henderson, 10 S. & R. 292, Hayden
 
 v.
 
 Mentzer, 10 Id. 329; and many other cases to the same effect.
 

 (a)
 

 See Gregory
 
 v.
 
 Setter,
 
 ante,
 
 p. 193; and German
 
 v.
 
 Gabbald, 3 Binn. 302; Wallace v
 
 .
 
 Duffield, 2 S. & R. 521; Peebles
 
 v.
 
 Reading, 8 Id. 492.