Cited and followed in 10 S. & R. 341; 3 Rawle 444; 16 Pa. 57; 24 Pa. 67

*282]  *James Traquair *against* John Redinger.

John Redinger *against* James Traquair.

Report of referees finding that the plaintiff shall pay the costs of suit is equivalent to finding no cause of action.

ON the trial of a special action on the case brought by Traquair against Redinger, for depriving him of the use of water for his mill, which was occupied in sawing of marble, (during this term) the court, after having spent nearly two days in the trial, recommended a special reference, in order to save the parties from further disputes, and permanently to settle their respective privileges as to their future use of the water.

It was at length agreed to submit the matter to the decision of the twelve jurors or any nine of them, under a rule of reference, particularly designating their authority.   A second action between the same parties, and a cross suit by Redinger v. Traquair, were also included in the reference.

The referees went upon the ground in pursuance of the agreement of the parties, and after having viewed the premises, and heard the further proofs, made a special report strictly within the terms of the submission, wherein they awarded to Traquair 1000 dollars damages for his loss of the water; that he should pay the costs of his own action, and Redinger should pay the costs of his action; and that Redinger should draw off the water from the dam, during the periods wherein he was entitled to use the same, by fixing nine trunks of the dimensions of three by

* There parol evidence was admitted, to shew that it was not the intent of major Fell to include Pennsbury manor in a deed for all his lands in Pennsylvania, from what passed before and at the time of executing the articles of agreement.

[Kerr *v.* Meredith.]

four inches in the clear, to be laid six inches from the bottom of the dam, &c. &c.

To this report three exceptions were taken—That,

1st. The referees had not decided in Redinger's suit.

2d. The report was unintelligible.

3d. The referees had violated a solemn contract.

After full argument, the chief justice declared the unanimous opinion of the court, that an award finding that the plaintiff should pay the costs of the suit, without adding more, was equivalent to finding no cause of action, and had heretofore been so determined ; that the referees had conformed themselves to the authority delegated to them, had violated no contract between the parties ; and that the report being perfectly intelligible, was approved of and confirmed by the court.

Messrs. M. and S. Levy of counsel with Traquair.

Messrs. Condy and Hopkinson of counsel with Redinger.