1811.

*Lancaster,*
*Tuesday,*
May 28.

## Lessee of DINKLE *against* MARSHALL.

THIS was an ejectment for eighty-five acres of arable and eighty-five acres of woodland in the county of *York,* which was tried .before *Brackenridge J.* at a Circuit Court for that county in *May* 1809.

The lessor of the plaintiff by deed dated the 30th of *October* 1773 from one *Thomas Fairley,* became the proprietor of two tracts of land, one containing 148 acres 37 perches, which *Fairley* held under an application of the 27th of *March* 1769 and a survey of the 26th of *September* following, the other, an adjoining tract, containing about eighty-one and a half acres, which *Fairley* claimed by improvement.

On the 9th of *January* 1788, *Dinkle* conveyed to a certain *Andrew Finley* eighty-one and a half acres and allowance, more or less, adjoining lands of *James Marshall,* *Christopher Ebbey,* *Rud. Yount,* and other lands of *Dinkle,* " being " part of two tracts of land conveyed by a certain *Fairley* to " *Peter Dinkle* on the 30th *October* 1773." *Andrew Finley* conveyed to *James Marshall,* the defendant's father.

Under this deed the defendant claimed to hold a part of the land not included in *Fairley's* improvement tract, but in the survey of 1769; and in order to rebut this claim, the court permitted the plaintiff to prove by the subscribing witness to the deed of 1788, that *Dinkle* said to *Finley* immediately before he signed the deed, " *Finley,* I sell you none " but the eighty-one acres more or less called the improve-" ment right land." *Finley* replied " that's all I want, I " bought no other, you may execute the deed." That *Dinkle* again repeated that he sold no more than eighty-one acres more or less held under the improvement, and asked one of the subscribing witnesses to the deed, whether it contained eighty-one acres more or less. That the witness replied it contained that and no more, and with that the deed was executed. That there was some little talk about the land held under the application, but *Finley* said he bought none of that.

Evidence was also given to bring home the knowledge of

*Declarations of the grantor, at and immediately before the sealing and delivery of a deed, admitted in evidence to shew that he did not intend to convey what might nevertheless be included within the description of the deed.*

this fact to *James Marshall* under whom the defendant claimed; and the jury found a verdict for the plaintiff, which his honour refused to set aside, being as he reported to this court upon the defendant's appeal, perfectly satisfied with it.

*Hopkins* for the defendant argued 1. That the evidence of the subscribing witness was improperly admitted, because it went to alter a deed by parol testimony, and even to contradict it by confining it to one tract, when the description expressly included a part of two. 2. That however it might have been as between the original parties, yet this evidence was not competent in a suit against *Marshall* who claimed under a purchaser without notice. On the *first* point he cited *Sugden's Law of Vendors* 88, 89. 104. *Maim* v. *Pearson* (a), and *Schemerhorn* v. *Vanderheyden* (b). On the *second*, 2 *Fonbl.* 151.

*Bowie* and *Duncan* for the plaintiff, in answer to the *first* objection cited *Hodgson* v. *Hodgson* (c), *Langley* v. *Brown* (d), *Baker* v. *Paine* (e), *Henkle* v. *The Royal Exchange Assurance Company* (f), and particularly relied upon *Hurst's Lessee* v. *Kirkbride*, cited in 1 *Binney* 616., as in point. The *second* objection they said depended upon facts which had been left to the jury, and found for the plaintiff.

TILGHMAN C. J. This case turns upon the propriety of admitting parol evidence, with respect to the deed from the plaintiff to *Andrew Finley.* That deed was for the conveyance of land not accurately described. The description was by quantity, by reference to another deed, and by reference to adjoining lands. The grantor, apprehensive that the grantee might take an advantage of him, said to him in presence of witnesses, just before the execution of the deed, " *Finley,* " I sell to you none but the *improvement right land.*" *Finley* replied " That's all I want, I bought no other, you may exe- " cute the deed." After this explanation, the deed was executed, and now the claim under that deed, is not only for the *improvement right tract,* but also for part of *another tract.*

| | | |
|---|---|---|
| (a) 2 *Johns.* 37. | (c) 2 *Vern.* 593. | (e) 1 *Ves.* 458. |
| (b) 1 *Johns.* 139. | (d) 2 *Atk.* 203. | (f) 1 *Ves.* 318. |

This case, as between the parties to the deed, cannot be distinguished from *Hurst's Lessee* v. *Kirkbride*, cited in *Binney*, and so often recognised by the Supreme Court, that it must not now be called in question. But it is said, that *James Marshall*, who devised the land in contest to the defendant, was a purchaser without notice of any conversation that passed at the time of the execution of the deed, and therefore ought not to be affected by it. If that was indeed the fact, it would be a very strong defence. But the plaintiff denied it, and gave evidence on that point, which to say the least of it was worthy of great consideration. *Notice* was a *fact* for the decision of the jury, and it seems the evidence was to their minds satisfactory. I am of opinion, that the parol evidence was properly admitted; as for the rest, the jury having decided that *Marshall* was a purchaser *with notice*, and the judge before whom the cause was tried, being well satisfied with the verdict, there is no ground for a new trial.

Yeates J. concurred.

New trial refused, and
Judgment confirmed.