Tilghman C. J.
John Christ (the plaintiff in error) rented a mill and land of the defendants in error. The lease was in writing; and the question is, whether the parol evidence mentioned in the bill of exceptions, was receivable ? I am not for carrying parol evidence farther than is warranted by decisions which are binding on this court; but it is too late, now, to consider, whether more good or harm has resulted from the admission of such evidence, in any case of writing. Without citing cases, or undertaking to enumerate all the exceptions -to the general rule, it may be laid down as settled law, that parol evidence is admissible in cases of fraud, and of plain mistake in drawing a writing. The evidence offered in the present case went directly to establish a fraud. A certain rent had been agreed upon between the lessors and lessee, on an understanding that the lessors were to widen and deepen the tail race of the mill, at their own expense. While the writings were drawing, the parties went to view the mill. When they came back, and were about to execute them, the lessee perceived that the clause respecting the tail race was omitted. He objected to signing, but was induced to it, by the lessors’ promise that they would do what had been agreed upon, in the months of June, July, or August next ensuing. Trusting to this, he executed the lease, and now the lessors say, that they find nothing of the tail race in the writing, and to that only they look. 1'his is the case which the plaintiff offered to prove, and, if established, was he not tricked into *466 the execution of the lease ? Or would such conduct be any thing' more or less than a downright fraud, on the part of the defendants ? Whether the plaintiff could have made good his assertion, is not now to be inquired of; but, undoubtedly, he should have been allowed an opportunity of doing it. I am, therefore, of opinion, that the judgment should be reversed, and a venire facias de novo awarded.
Ye ates J.
I have always understood the settled law in this government, since the decision in Hurst’s Lessee v. Kirkbride, cited in 1 Binn. 616. to be, that whatever passed at, and immediately before, the execution of any instrument, might be given in evidence to impeach the fairness of the transaction. It was bottomed on the decision of Harvey v. Harvey, 2 Cha. Ca. 180, that a Court of Equity would receive parol evidence of the declarations made, before a deed was executed, to show its real design and character. The present case is, in fact, much stronger than Hurst's Lessee v. Kirkbride. There, the conversations of the parties, which were permitted to be detailed, went to narrow down and restrain the general and comprehensive words in the deed, of all the grantor’s lands in Pennsylvania and elsewhere in America. The parol evidence was permitted even to contradict the conveyance, upon the ground of fraud. Here a fraud is also attempted ; for the lessee objected to execute the lease, until he received assurances from the lessors, that the tail race of the mill should be dug out in a certain manner to void the water, at their expense, and that it made no difference to him whether a covenant to that effect was inserted in the deed or not. But a contract of this nature might well stand with the expressions in the lease, and does not contradict it. I will only add, in the language of Lord Hardwicke, in Baker v. Paine, 1 Ves. 457, how can a mistake in an agreement be proved but by parol evidence ? It is not read to contradict the face of the agreement, which the court would not allow, but to prove a mistake therein, which cannot otherwise be proved.
. I think the parol evidence ought to have been allowed to go to the jury, and therefore the judgment should be reversed, and a venire facias de novo awarded.
Brackenridge J. concurred.
Judgment reversed, and a venire facias de novo awarded.