Duncan, J.
This is an action of assumpsit, not delictum quasi ex contractu, nor of case ex delicto, but an action on contract simply, in which the defendant in error was plaintiff below, who complained, that he sold to the plaintiff in error a horse of the value of 65 dollars, and that in consideration thereof, he transferred to him a single bill on one Jacob Shank, for the sum of 65 dollars, and that he undertook that Shank was solvent and able to pay the bill; that at the time of the assignment Shank was insolvent; that using all due diligence he has not been able to recover any part of the money, wherefore the said J. Heagy assumed to pay the said Umberger the said sum of 65 dollars, the price of the horse, but the said J. Heagy, his aforesaid promise not regarding, intended the said C. Umberger, in this respect, to deceive and defraud, in that the said J. Shank, at the time of the assignment and transfer-of the said bill to the said Conrad was insolvent and unable to pay.
The testimony as stated in the charge of the court was, that the bill was taken in exchange for the horse; that by the terms of the xvrilten assignment there was no guarantee of the solvency of the obligor, but expressly the contrary. Some evidence was given of the assertion of J. Heagy, and his undertaking, that J. Shank was solvent.
The court put it to the jury, that if C. Umberger, upon the faith and credit of such assertion and undertaking, took the bill, and Shank was insolvent, and the bill worth nothing, then the plaintiff ought to recover; but if no such assertion and undertaking were made, or if the circumstances of Shank were as well known to Umberger as to Heagy, and he took the note at his own risque, then the plaintiff ought not to recover. One witness, it seems, by his testimony corroborated the writing. Another, and his was the only evidence to impugn it, testified that there was an express assertion by the plaintiff in error, that the note was good..
There was nothing ambiguous in the assignment. There was no allegation of either fraud or mistake in the xvriting, or that any thing was omitted which was agreed to be inserted.
Our courts have gone far enough in admitting parol evidence, *342 where the contract is reduced to writing, and some loose dicta will be found in the Nisi Prius cases, which if taken in the literal sense, may tend to mislead, and the case of Hurst’s Lessee v. Kirkbride, has led to the error. Judge Yeates cites the ease in his reports, as one where parol evidence was admitted to show, from what passed at the'time of executing certain articles of agreement, that it was not the intention of the vendor to include, a certain manor in a deed of all his lands in Pennsylvania. Mr. Justice Bradford. expressed his dissatisfaction- with that case. 1 Yeates, 139. And the' present Chief Justice agreed with the observations of Judge Bradford on that case. 4 Yeates, 281. The Chief Justice traced that case to its source, and discovered from the notes of Chief Justice Chew, who was of counsel with the defendant, the true grounds of that decision : the evidence was admitted on the ground of fraud. Wallace v. Baker, 1 Binn. 616. As the law is now settled in Pennsylvania, it excludes all parol evidence of what passed at or before the execution of the instrument, unless in cases of fraud or plain mistake in drawing the writings. Christ v. Diffebaeh, 1 Serg. & Rawle, 464. It is consistent with reason to conclude, that the writing contains the full contract and final agreement of the parties. But when, as in the present case, the writing expressly excludes all guarantee of solvency of the obligor whose bill was assigned, to- contradict that by parol proof, where there was no fraud alleged, or mistake, or omission by the scrivener, is contrary to every rule of law, and principle of evidence, and would render all writings worse than useless. In receiving every loose disjointed conversation, every thing that was said during the treaty, the most dangerous species of evidence is admitted, destructive of all security, and introductiveof perjury. Snyder’s Lessee v. Snyder, 6 Binn. 483, was decided on this pr inciple, where it was held,that parol evidence was inadmissible to show, that a certain part of land included in a deed by administrators was excepted out of the estate at the time of the sale. Chief Justice Kent asked the counsel in Munford v. M‘Pherson, 1 Johns. 415, to show an authority, that where you have reduced a contract to writing, and thereby merged previous conversations, you can bring an action on such previous conversations. In O’Hara v. Hall, 4 Dall, 340, this question was decided. Parol evidence was rejected to show, that at the time of executing a written assignment of a bond, the assignor expressly guaranteed the payment of the bond. It is true, Judge Peters thought such testimony would be admissible in Pennsylvania, where there was no Court of Equity; but that was by no means so strong a case as this. There the assignment was merely silent as to guarantee, but here it speaks out, and negatives all guarantee: and even in a Court of Equity,- such parol evidence would not be received, for there is no rule better settled, than that which declares parol evidence inadmissible to contradict *343 or vary materially the legal import of a written agreement, for this is contrary to the maxim of the common law, and the rules of evidence in this case are the same both in law and equity. 1 Johns. Ch. M. 429. The reason assigned by Lord Coke, 5 Rep. 26, for this maxim of the Common law, applies to eveiy written agreement, as well as to a deed. It would be inconvenient, he says, “ that matters in writing made on consideration, and which finally import the certain agreement of the parties, should be contradicted by the averment of the parties, to be proved by the uncertain testimony of slippery memory.*’ And this case furnishes an example of the uncertainty and danger of this kind of evidence, for the two witnesses who were examined, flatly contradict each other. But if it was not required, that the assignment should be writing in the first instance by law, evidence of conversations subsequent to the time of making the assignment, would be inadmissible to show, that afterwards the parties agreed to some new stipulation. 1 Phill. Evid. 442. I do not mean to say, that where there is such assertion, fraudulently made, with knowledge of the falsehood, that the party would be without a remedy, but his remedy is not on the contract, but the fraudulent representation, as was decided in 1 Dall. And in Munford v. M'Pherson, before referred to, it was decided, that where the parties in the sale of a ship reduced the contract to writing by a bill of sales no action would lie on the parol warranty at the time of sale, and where no fraud was alleged, and the court there said, that no case could be found where an action has been brought on a parol contract made uno flatu with a written one. An action might lie on the deceit.
It cannot be, said Judge Thompson, who delivered the opinion of the court, a safe or salutary rule, to allow a contract to rest partly in writing and partly in parol. Whatever is reduced to writing, that is to be considered as the evidence of the agreement, and every thing resting in parol becomes thereby extinguished. To this doctrine I yield the most cordial assent. Here was no precedent debt, but an exchange of the single bill for the horse. There was, as appears by the writing, an agreement to accept it in p;yment, and that C. Umberger should take the risque of the solvency of the maker. If this had been an action of assumpsit for the price of the horse, the case of Wilson v. Force, 6 Johns. 118, relied on by the counsel of the defendant in .error, would have had a direct application. But even there, to rescind the contract, as to the mode of payment, it would have been incumbent on Umberger to prove, that the representation of Heagy, as to Shank's insolvency was a fraudulent one. In every view which I have -taken of this case, it appears to me, that this action could not be supported, and that there was error in the charge of the court, stated in the first and third specification of errors.
Judgment reversed.