Tilghman, C. J.,
who delivered the opinion of the court, after stating the case, proceeded as follows:—
It is very true, that- it is a rule of law, subject, however, to exceptions, that a writing is to be construed according to its own words, without resort to parol evidence; also, that where there is an agreement in writing, parol evidence of the same agreement is inadmissible. But the evidence offered in this case does not fall within that rule. It was not pretended, that there was any thing wrong in the single bill, or that any alteration whatever should be made in it. The object of the evidence was, to show that it was subject to an agreement made long before its date. If that agreement had been under hand and seal, I presume it would not be contended, that this single bill would not be controlled by it. The question will be, then, whether an agreement of that kind could not have been made by parol. I can see no reason why it should not. The special matter given in evidence, under the plea of payment with leave, &c., has been compared to a bill in equity, in Robinson v. Eldridge, 10 Serg. & Rawle, 142, it was said by the court, to be in nature of a bill in equity, and if the defendant makes out a ease, which would entitle him to relief in equity, he *286 shall have it here. ' In that case, as in the'present, the defence consisted of a number of facts which took place'at various times, but were of a connected nature, and all tended to make one whole. The counsel for the plaintiff relied strongly on the case of Heagy v. Umberger, 10 Serg. & Rawle, 339. There, the plaintiff sold to the defendant a horse, in consideration of which, he received from him an assignment of a single bill, expressly to be taken at . his own risk. The plaintiff offered parol evidence, that at the time of making the assignment, the defendant asserted and undertook, that the obligor in the assigned bill was good for the money; but the court rejected the evidence. We may perceive, at the first glance, the difference between that case, and the one before us. There, the evidence was in direct contradiction of the writing, and no fraud was alleged. The writing declared, that the assignor should not be responsible, — the evidence went to prove that he should be responsible. But. even iñ that case, if'the assignor of the bill had known that the drawer was insolvent, an action would have lain against, him for the deceit, and the parol evidence would have been admitted to prove it, because proof of the deceit would not have been in contradiction of the writing. If a bill in equity had been filed by the defendants, stating the facts contained in the notice of special matter, and the facts had been admitted, can it be doubted that they would been relieved. The Chancellor would have enjoined the bank from ever bringing suit on the bill, and if the facts had been denied, the complainant' would have been permitted to prove them by parol evidence. Could any thing be more fraudulent, more repugnant to equity and good conscience, than to prosecute an action on this bill in the very face of the agreement under which it was given? Most of the cases of parol evidence which have occurred in our courts, have been when one has been induced to execute a writing, in consequence of something which has passed immediately prior to the execution. In such cases there was fraud, and parol' evidence has been admitted for the purpose of altering and correcting the writing; and the judges have frequently said, that the evidence was to be confined to what took place at, and immediately before its execution. But it is evident that this rule cannot be applied to cases where fraud was committed, not by any thing which took place about the time of the execution of the writing, but long before. We decided at the last May Term, at Lancaster, in the case of Stubbs, Adm., v. King,* that when the vendor of a tract of land had carried the vendee to the ground, and showed him false boundaries, some time before the execution of his deed of conveyance, and the vendee had afterwards accepted the deed, and given his bond for the purchase money, parol evidence might be received to prove the fraud, in an action brought by the vendor on the bond of the vendee. Indeed, there are innumerable instances where fraud must be tri *287 umphant, unless you are permitted to trace it to its source, and pursue it through aii its windings. And this can never be done, if parol evidence is excluded. In the present-instance, though no fraud might have been originally intended by the officers of the bank, yet it would be fraudulent to prosecute an action under the circumstances staled by the defendants, all of which we must presume to be true, because they offered to prove them. V/hether they could have proved them, or will be able to do so on another trial, it is not for the court to say, or even to conjecture. All that we can do, is to give the defendants an opportunity of verifying their assertions. I am of opinion that the evidence ought to have been admitted, and therefore the judgment should be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.

 Ante, page 206.