The opinion of the court was delivered by
Tod, J.
As to the deposition of James Hultz, it was well rejected. It was offered to prove declarations and assurances by John Thompson to the defendant below, that no rent would be payable after Benjamin coming of age, which clearly was not evidence. But I think there was error in rejecting the deposition of Joseph Philips. The matter of receiving parol proof, in cases like this, can hardly now be said to be a question for argument. It was legal evidence,,and, if believed by the jury, was conclusive as to the portion of rent in dispute. It was evidence to prove, not only a defect of consideration, the land during the disputed time being not the land of Wright and Willet, nor of Benjamin Thompson, but of Bichará Hultz, the defendant, but to prove' also mistake, or if not mistake, fraud. For either purpose it was admissible. As to fraud, it is not supposed to be necessary to have proof ex.press, that a writing has been obtained fraudulently, in order to admit parol evidence against it on that score: but parol evidence may be admitted to resist the fraudulent use of a writing, in the obtaining of which no fraud can be made to appear. See Thomson v. White, 1 Dall. 426. There appears no substantial difference between this case, and the common case of defence against a bond or single bill for want of consideration, whether through fraud or mistake. The rule seems to apply here in full force, to consider as paid what in justice and conscience ought not to be paid. It is the opinion of the court that the judgment be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded..