[PHILADELPHIA, FEBRUARY 11, 1833.]

OLIVER for the use of ROWLAND *against* OLIVER and another.

IN ERROR.

Parol evidence is admissible to shew, fraud in the formation of a written instrument, or a fraudulent use of it afterwards.
In the latter case, it is not necessary to have recourse to a writ of deceit; relief may be given in an action of trespass on the case.

ERROR to the District Court for the City and County of *Philadelphia*, in an action of trespass on the case, brought by the plaintiff in in error *William Oliver* for the use of *Charles N. S. Rowland*, against *Oliver & Bell*.

The plaintiff's claim, as set out in his declaration, containing thirteen counts, was, that the defendant, in consideration of the plaintiff's assigning to him certain property, assumed to pay to the equitable plaintiff, *Rowland*, the sum of seven thousand six hundred and one dollars and twenty five cents, due to him from the nominal plaintiff, *Oliver*, or, as stated in other counts, to pay that amount to the United States, being the amount of certain bonds for duties on which *Rowland* was surety for the plaintiff *Oliver*. The breach assigned, was the non-payment of that sum.

On the trial in the District Court, the plaintiff's counsel, after having given in evidence the written assignment in which no such engagment as that stated in the declaration appeared, offered, for the purpose of shewing fraud, to prove by the testimony of the counsel who drew the assignment, was present at its execution and subscribed it as a witness, that at and immediately before it was executed, the defendants promised the plaintiff to pay the bonds for duties referred to in the declaration, provided the plaintiff would execute the assignment : That by the agreement, and at the instance of the defendants, this engagement was not inserted in the assignment : That it was agreed by them that it should be as binding and available as if it had been inserted in the assignment, and that upon the faith of this engagement the assignment was executed.

This evidence was objected to and overruled by the court.

The plaintiff's counsel then placed the case on the footing of a parol agreement, of which the assignment was only a part execution, and offered to prove, that at the time the agreement was entered into, the plaintiff, *Oliver*, was indebted to *Charles N. S. Rowland* on a balance of a book account, besides the liability incurred by *Rowland* for the plaintiff's accommodation upon the custom house bonds : That to secure *pro tanto* the balance of the book account, *Rowland* was to receive an assignment of certain property in *New Orleans :* That the custom-house bonds were to be absolutely secured at all events : That the plaintiffs refused to transfer the effects mentioned

(Oliver for the use of Rowland *v.* Oliver & Bell.)

in the assignment unless the defendants would accede to these terms: That the defendants acquiesced and promised the plaintiff accordingly to assume the payment of the bonds if he would execute the assignment: That in part execution of this agreement the plaintiff executed and delivered the assignment, and also, on the same day, executed another assignment to *Rowland* of the property in *New Orleans.*

This evidence was also objected to and overruled by the court.

Parol evidence was then offered by the plaintiff's counsel to prove fraud on the part of the defendants in procuring the plaintiff, *Oliver*, to execute the assignment, and that it was even attempted to make a fraudulent use of it to defeat the purpose for which the defendants knew before, and at the time of its execution, it was intended, and in which they then declared their acquiescence. The fraud was proposed to be proved by a chain of evidence calculated to show that before and at the time of the execution of the assignment, the parties, grantor and grantees therein, communicated to the person employed to draw it, their mutual understanding : That in consideration of the intended execution of the assignment in their favour, and as the inducement thereto, the defendants were to assume upon themselves the payment of the bonds of the plaintiff, *Oliver*, to the United States for duties on goods imported, upon which bonds *Charles N. S. Rowland* was the surety : That the person thus employed to draw the assignment, recommended to the parties to annex to it a schedule to be therein referred to, comprising a particular account of the debts and engagements which it was proposed to secure by it, including these duty bonds : That the defendants objected to annexing such a schedule, alleging it would hurt their credit, but at the same time promised the plaintiff that if he would execute the assignment without such a schedule they would pay the bonds as if there was a stipulation to that effect incorporated in the assignment : That this promise was repeated at the time the assignment was executed : That by means thereof the plaintiff was induced to execute it, and the defendants thereupon took possession of the estate and effects therein mentioned : That after the assignment in the month of *June*, 1806, both the defendants in writing, and also jointly and severally by word of mouth, to different persons, on several occasions, admitted their liability for the full amount of the duty bonds in question ; stated that they were under an obligation to pay them, and also, that they were fully secured by the property assigned to them : That by assuring their creditors they were under the necessity of paying these bonds, they persuaded them to make favourable compromises of their debts, and thus succeeded in compromising upwards of ninety thousand dollars of their engagements for less than sixty thousand dollars : That *Rowland* took up the bonds in question upon which he was surety, as they fell due, at *New York*, and paid them off to the amount of seven thousand six hundred and one dollars and twenty-five cents, and that he communicated this to the defendants, who then refused to comply with

(Oliver for the use of Rowland *v*. Oliver & Bell.)

their engagement, or to indemnify him in any manner for what he had been thus compelled to pay on the plaintiff *Oliver's* account.

To this evidence the defendant's counsel also objected, and it was overruled by the court. A bill of exceptions was taken to each of the decisions above stated.

Evidence of a similar nature, but in a different form, was subsequently offered, objected to and overruled, on which two more bills of exceptions were taken.

The jury, under the direction of the court, found a verdict for the defendants, on which a judgment was entered in their favour, and a writ of error was taken out by the plaintiff.

*Cadwalader* and *Randall* for the plaintiff in error, cited 2 *Evan's Pothier*, sec. 3 app. 16, p. 150. *Starkie on Evid.* Pt. 4 p. 1048, 1049. *Lyon* v. *The Huntingdon Bank*, 14 *Serg. & Rawle*, 283. *M'Culloch* v. *Girard*, 4 *Wash. C. C. Rep.* 289. 22 *Vin. Ab.* 216, *pl.* 1, 2, 3. *Id.* 218, *pl.* 11, 14. 1 *Rep.* 176, *a*, note. *Hayden* v. *Mentzer*, 10 *Serg. & Rawle*, 333. *Packer* v. *Hook*, 16 *Serg. &. Rawle*, 327. 17 *Mass. Rep.* 122. 257. *Com. Dig. Action on Case*, Asst. B. 3. *Overton* v. *Tracey*, 14 *Serg. & Rawle*, 324, 325. 1 *Rolle's Ab.* 8. 95. 1 *Vin. Ab.* 271, pl. 3. *Id.* 279, 280, pl. 4, 5. *Peterson* v. *Willing*, 3 *Dall.* 506. 508. *Drum* v. *The Lessee of Simpson*, 6 *Binn.* 478. *O'Harra* v. *Hall*, 4 *Dall.* 340. *Miller* v. *Henderson*, 10 *Serg. & Rawle*, 292. *Hill* v. *Miller*, 5 *Serg. & Rawle*, 355. *Hamilton* v. *Asslin*, 14 *Serg. & Rawle*, 449. *Hultz* v. *Wright*, 16 *Serg. & Rawle*, 346. *Christ* v. *Diffenbach*, 1 *Serg. & Rawle*, 464. 466. *Campbell* v. *M'Clenachan*, 6 *Serg. & Rawle*, 171. *Frederick* v. *Campbell*, 14 *Serg. & Rawle*, 293. 295. *Wallace* v. *Baker*, 1 *Binn.* 616. *Lessee of Drinkle* v. *Marshall*, 3 *Binn.* 587. *Lessee of Thomson* v. *White*, 1 *Dall.* 424. 428.

*J. R. Ingersoll* and *Chauncey*, for the defendants in error, cited *The Commonwealth* v. *Brenneman*, 1 *Rawle*, 315. 8 *Wheat.* 195. *Heagy* v. *Umberger*, 10 *Serg. & Rawle*, 341. 3 *Starkie on Evidence*, 995. 1009. *Hopk.* 124. *Schemerhorn* v. *Vanderheyden*, 1 *Johns. Rep.* 140. *Maigley* v. *Hauer*, 7 *Johns. Rep.* 341. *Howes* v. *Barker*, 3 *Johns. Rep.* 509. 12 *Johns. Rep.* 490. *Plankinhorn* v. *Cave*, 2 *Yeates*, 370. *Christine* v. *Whitehill*, 16 *Serg. & Rawle*, 110. 2 *Johns. Ch. R.* 415. 1 *Johns. Ch. R.* 429. 1 *Mass. Rep.* 69. 8 *Mass. Rep.* 146. 10 *Mass. Rep.* 244. 1 *Bay*, 307. 1 *Root*, 253. 6 *Conn. Rep.* 85. 10 *Johns. Rep.* 230. *Phill. Ev.* 422. 2 *Johns. Ch. R.* 557.

The opinion of the court was delivered by

Rogers, J.—It is, doubtless, a general principle of law, that parol evidence shall not be admitted to destroy, control, add to, or alter a written instrument, but the exceptions to the rule are equally well settled. Ever since the case of *Hurst* v. *Kirkbride*, cited in 1 *Binn.* 616, it has been the practice to receive parol evidence of

what passed at the time of the execution of deeds, or at and before the execution. When the fairness of the transaction is impeached, it is immaterial whether the party intended a fraud, at the time of the contract, or whether the fraud consists in the fraudulent use of the instrument. *Hurst* v. *Kirkbride; Hultz* v. *Wright,* 16 *Serg. & Rawle,* 345 ; *Lyon* v. *Huntingdon Bank,* 14 *Serg. & Rawle,* 283 ; *Thomson* v. *White,* 1 *Dall.* 424, are of this description. In *Thomson* v. *White* the fraud consisted in *Lawrence Saltar* obtaining a conveyance of his wife's estate under a solemn promise to make a settlement, which he afterwards *neglected* to do. It has never been doubted that he entered into the contract with good faith. In his last sickness, he expressed uneasiness at leaving no will, because as had always been supposed, he thereby intended to comply with his promise. The fraud consisted in the fraudulent use which was attempted to be made of the deed, in the exclusion under the general rule of law, of *Mary Thomson,* the sister of Mr. *Saltar,* and to whom *Lawrence Saltar* promised to assure the property. " As to fraud," says Justice Tod, who delivered the opinion of the court, in *Hultz* v. *Wright,* " it is not supposed to be necessary to have proof express, that a writing has been obtained fraudulently, in order to admit parol evidence against it, on that score; but parol evidence may be admitted to resist the fraudulent use of a writing in the obtaining of which no fraud can be made to appear." That was a case where, in debt for rent, parol evidence was admitted to shew, that in making a lease for nine years, rendering rent, it was understood, and agreed by all parties, that for the last nine months, no rent should be payable. So also in an action on a single bill, the defendant, under the plea of payment, is permitted to prove, that the bill was taken subject to a parol agreement, made long before its date. *Lyon* v. *Huntingdon Bank,* 14 *Serg. &. Rawle,* 283. In *Robinson* v. *Eldridge,* 10 *Serg. &. Rawle,* 142, as well as in the case just cited, the defence consisted of a number of facts, which took place at different times, and which all tended to make one whole. It is difficult to discover any difference, between the evidence offered, and the evidence which was received in *Campbell* v. *M'Clenachan,* 6 *Serg. & Rawle,* 172. Parol evidence was given of what passed between the parties, at, and immediately before the execution, when the plaintiff was induced to execute the articles of agreement, by the defendant's promises. The case of *Campbell* v. *M'Clenachan,* was an action on the case, on a parol contract, in which the defendant promised the plaintiff, to permit him to take as much timber from the land purchased by the defendant from the plaintiff, as would be sufficient to build a boat to go down the *Ohio.* The same defence, as has been urged here, was then taken, but without avail. As is justly observed, to refuse performance of a verbal promise, after having made use of it, to get the plaintiff's signature to the agreement, is a trick, of which the law will not permit the defendant to avail himself. If we are to take what the plaintiff offers to prove to be true, what are we to think of the defendants'

(Oliver for the use of Rowland *v.* Oliver & Bell.)

conduct.   Surely every person must see they are attempting to avail themselves of the legal advantage, at the expense of every principle of honour and common honesty.   It may be a difficult matter in some cases, to prevent the fraudulent use of an instrument, except through the medium of parol evidence.   For the same principle I also cite, 1 *Ld. Raym.* 464; *Christ* v. *Diffenbach,* 1 *Serg. & Rawle,* 464; *Lessee of Dinkle* v. *Marshall,* 3 *Binn.* 587.

I do not feel myself at liberty to reason on the policy of the rule, or the exceptions to it.   It is sufficient for me, that the point has been settled by a train of authorities, which it is now too late to overturn.

Nor is this case in opposition to *Heagy* v. *Umberger,* 10 *Serg. & Rawle,* 339.   There the plaintiff sold to the defendant a horse, in consideration of which he received from him an assignment of a single bill, expressly to be taken at his own risk.   The evidence was in direct opposition to the writing, and fraud was not alleged. Had there been fraud, a different case would have been presented, for fraud forms an exception to all rules.   It is to prevent fraud, and the injustice which would arise from mistake, that Courts of Equity have relaxed the general rule.   Fraud, accident, and mistake, are the great heads of equity jurisdiction, and without the power to receive parol evidence, it is not perceived how, in a great majority of cases, equity could administer relief.   Where they have a court of equity, no evil has been felt from this power, and in *Pennsylvania,* where equity is administered by the court, through the medium of the jury, none will arise under the control which the court must necessarily exercise over cases of this kind.

In the *Lessee of Dinkle* v. *Marshall,* parol evidence was admitted in contradiction of the deed, expressly on the ground of fraud.

It is no answer to say, that the parol evidence is in opposition to the deed, for where there is fraud, or the party attempts to make a fraudulent use of an instrument, contrary to his contract, parol evidence is admitted to prevent injustice.   In all cases of fraud, or plain mistake in a writing, as equity will relieve on parol proof, so will our courts through the medium of a jury.

The cases already cited also shew, that relief has been given in this form of action, and that it is unnecessary to resort to action of deceit.

Judgment reversed, and a *venire facias de novo* awarded.