No. 57.—WELLS SMITH and another, plaintiffs in error, *vs.* W. S. BROOKS, defendant in error.

[1.] Parol evidence may be admitted, to show that the payee of a promissory note is fraudulently enforcing the same against the maker, after the consideration has failed.

Complaint, in Marion Superior Court.   Tried before Judge POWERS, February Term, 1855.

This was an action on a promissory note for $400.   Wells Smith and William Walker, the makers, pleaded, 1st—a partial failure of consideration in this: that the note was given for the hire of a negro mechanic; and it was agreed, at the time, that if the negro died during the year, that there should be a *pro rata* deduction from the hire; and that the negro died after the expiration of four months.   2d. That at the time of the hiring of said negro, plaintiff undertook, and warranted the said negro to live during the year for which he was hired, &c.   On motion, the Court struck out these pleas, and refused to hear all evidence offered in support of them.

This is the error assigned in this case.

BLANDFORD ; S. HALL, for plaintiff in error.

COOK & MONTFORT, represented by HAWKINS, for defen-dant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The pleas which were stricken out in this case, set up as a defence, a partial failure of the consideration for which the note was given, by the death of the slave for whose hire it was in part given, and by the plaintiff's withdrawal of the blacksmith tools, which went along with the slave, as a part of the consideration. And the evidence of John B. Smith, which was rejected, was offered to sustain these pleas.

It is true, that the note in question purported to be for *value received.* And this evidence was offered for the purpose of showing that value *had not been received,* by reason of the fact, that the true contract between the parties was, that if the slave died before the year for which he was hired had expired, a deduction was to be made from the note, proportioned to the time of service thus lost to the hirer. But the admissibility of the evidence was put upon the ground of a failure of the consideration—not a failure of consideration, because of the single fact, that the slave had died before the end of the year, but because this contingency had been contemplated, and provision made for it, in an agreement, that if he did so die, a deduction should be made accordingly.

And if such deduction be not now made, that it will operate as a fraud upon the hirer and maker of the note.

Courts of Justice have gone very far to sustain pleas of want of consideration and failure of consideration, in cases of suit upon promissory notes, especially as between the original parties; and have manifested a strong disposition to rule, that when the written contract has been entered into, with the understanding that it is to be used in a particular way, or

with a particular qualification, it is a fraud to violate this understanding, and parol testimony may be admitted to explain the contract.

This rule should be applied only to contemporaneous evidence, it seems. (*Bollinger vs. Eckhert*, 16 *Serj. & R.* 424. *Hurst vs. Kirkbride*, 1 *Binn.* 616. *Oliver vs. Oliver*, 4 *Raw.* 141. *Hulse vs. Wright*, 6 *Serj. & R.* 345. *Barker vs. Prentiss*, 6 *Mass.* 430. *Stackpole vs. Arnold*, 11 *Mass.* 27. *McInstry vs. Pearsall*, 3 *Ir.* 319. *Tobey vs. Barber*, 5 *Ir.* 68. *Putnam vs Lewis*, 8 *Ir.* 389.)

In this case, therefore, looking upon these as pleas which allege a failure of the consideration for which this note was given, and a fraud on the part of the payee, we think this evidence might have been admitted; and we reverse the judgment, because the pleas were stricken out and the evidence not received.

Such are the views which this Court entertained at the hearing of the cause. I was not satisfied with them at the time, but acquiesced, because the pressure of our duties would not allow of such further examination of the subject as I desired to make, before expressing any other opinion; and because I knew that Courts of Justice in our State had, for a long period, held, that the admission of parol testimony, to sustain a plea of failure of consideration, in cases of contracts by promissory notes, was not a violation of the Common Law rule, which declared that parol testimony should not be admitted to vary, alter or contradict the terms of a written instrument. I was not satisfied with the reasons given for this, but, under the circumstances, I hesitated to adopt a different rule.

These reasons are not in harmony with Common Law principles. The effort is made to reconcile them with Common Law rules, by holding, that "if the real contract of the parties is not expressed in writing, this must arise from mistake or fraud," (*Bollinger vs. Eckhart*, 16 *Serj. & R.* 424,) and that parol testimony is admissible to assail a written agreement, where there is mistake or fraud. This is true where the mistake or fraud is present, and enters into the execution of.

the contract, and by reason thereof, the same does not express the real agreement and understanding of the parties. But the rule cannot be held applicable to any case where the holder, in his effort to enforce the written contract, or the opposite party when resisting it, puts a different construction upon it from that of his adversary. If this be so, any maker of such a contract has but to plead that the true tenor of the written contract, which is being enforced against him, is different from what is alleged; that something else was understood between the parties, at the time, different in import; and that the person who sues, in not setting this forth, is *making a fraudulent use* of the instrument; and then he may introduce parol testimony to sustain his case.

It is easy to see that such a rule as this, in all cases where the maker of the instrument chose to set up such a defence, would open the door and let in the mischief which the Common Law rule was intended to prevent, would, in effect, completely emasculate that rule; and would, practically, break down that barrier which the experience of ages has erected against the weakness of memory and the wickedness of men.

I cannot, therefore, adopt this reasoning, and feel constrained to say, that if an exception to the rule above mentioned, in cases of failure of consideration, pleaded to actions on promissory notes, is demanded by the exigencies of trade and commerce, legislation should be invoked to provide such an exception.