State ex rel. Hillman v. Dubuclet, State Treasurer.

presented by the relator. It was no part of the duty of the Treasurer to detain funds which might come into his hands in the future in order to pay the relator, in preference to others presenting warrants on the general fund. Revised Statutes of 1870, section 3784.

The fact that the relator presented his warrants once or twice when there was no money in the treasury, would give him no advantage over others when there might be funds.

A mandamus will not lie to compel the State Treasurer to make a certain distribution of money not yet received by him. Until he has received the money and refused to make the application thereof, as required by law, there is no failure of duty. And it is only the failure of a ministerial duty that justifies the issuance of the writ of mandamus. The district judge was wholly unauthorized to prescribe rules for the administration of the State Treasury, and to enforce them by mandamus.

The relator showed no ground for the issuance of the writ; he used the process of the court for an illegal purpose, and we regret we are not authorized to impose on him exemplary damages.

As to the State Treasurer, we deem it proper to remark that it is strange, to say the least, that he yielded so tamely, and without the slightest resistance to this unwarrantable proceeding against him.

Let the judgment appealed from be annulled; let the mandamus be disallowed, and the relator's petition be dismissed, with costs of both courts.

### No. 2423.—C. A. & L. L. CONRAD v. E. W. BURBANK.

A judgment may be rendered, on motion, at any time after suit is instituted on such items of an account as are admitted to be correct by the defendant, reserving the right of the defendant to contest items not admitted. In such a case, legal interest may be recovered on the items admitted from the date of their admission.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. C. M. Conrad & Son,* for plaintiffs and appellees. *Fellows & Mills,* for defendant and appellant.

HOWELL, J. Two questions are presented in this proceeding, to wit:

*First*—Can a judgment be rendered, on motion, for the amount of the original demand admitted to be due, reserving to plaintiffs the right to prosecute their claim for the balance?

This is no longer an open question. The amount admitted is not a matter of dispute, and the only issue to be tried is the sum not admitted. The plaintiff is at any time after the admission is made, entitled to a decree for such amount as confessed. The fact that the admission is made upon an account consisting of various items, no one or more of which are specially admitted to be due and correct, does

not affect the question. The defendant is supposed to have presented his claim and rights in the most favorable light to himself. 4 R. 144; 5 R. 447; 11 An. 746.

*Second*—Can interest be allowed on the amount admitted when it is not specially included ?

This, too, has been settled affirmatively. 4 R. 144; 2 An. 441. By the law all debts bear interest at the rate of five per cent. from the time they become due, unless otherwise stipulated. R. S., § 1883. To be relieved from payment of this interest, it was incumbent on defendant to allege a tender made in accordance with law. C. P. 404, 407, 413, 415; R. C. C. 2167, 2168. The vague allegation that he "tendered to plaintiffs the balance of the amount due to them by said accounts, which said plaintiffs refused to receive unless respondent would accept from them a receipt in a prescribed form," does not show how the tender was made, nor relieve defendant from liability for interest.

Judgment affirmed.