### No. 7002.

ISAAC D. BROWN vs. JOSEPH BESSOU, ADMINISTRATOR, ETC.

Where an heir who opposes the account filed by his former tutor, admits that he had received a certain sum of money from his tutor, but alleges that it was derived from a source different from the one set forth by the tutor, he must prove his allegation, or otherwise his admission will dispense the tutor from any other proof.

A judgment can not allow interest that the plaintiff has not claimed.

The legal mortgage of minors on the property of their tutors, is good, as against the tutors, their heirs, or partners in community, without being registered.

A tutor can not be held for more than he collected of a certain debt due the minor, when it is not shown that the debt was worth more than he collected.

Brown vs. Bessou,

A PPEAL from the Parish Court of Iberville. *Crowell, J.*

. *Augustus* and *E. B. Talbot* for plaintiff and appellee.

*Barrow & Pope* for defendant and appellant.

The opinion of the court was delivered by

EGAN, J. The plaintiff, alleging that James A. Ventress, who had been his tutor, had died without rendering an account of his tutorship, though largely indebted to him in such capacity, sued the administrator of his succession to compel him to render an account of the dealings of his decedent in the tutorship, the plaintiff having become of age. An account was filed accordingly by the defendant in his capacity of administrator, which after contestation and opposition was made the basis of the judgment of the court below after certain amendments and corrections. From this judgment the administrator has appealed.

The first error complained of is the striking out and disallowing the item of nine hundred dollars, charged under the head of passive mass, chapter two of the account, as having been paid by the tutor to the minor. The opposition to this item admits the receipt of the amount, but alleges that it was paid to the plaintiff on account of his share or interest in the crops of .the Manchac plantation. If ·this were so, under their pleadings it was incumbent on the plaintiff to have shown it. He has not done so, and the admission that he received the money sustains that item of the account and dispensed with other proof. 4 R. 145; 18 L. 11; 14 An. 861; 27 An. 537; 26 An. 630. There is, however, evidence outside of the admission of the plaintiff to support this item. There was offered in evidence a draft for $800, given by the deceased to the plaintiff on his commission merchant about the date of this charge, and which figures in and is charged nowhere else in the account.

The witness Barrow swears that during the life of Ventress the latter had this item put down on a memorandum account against his ward precisely as it is here charged, and that he used that memorandum, which was since lost, in making up this account. It is shown that Ventress was a very careful, accurate man of business. He is now dead, and no one but the plaintiff is left to testify, and he has failed to establish the grounds of his opposition, even by his own evidence. The judgment must be corrected in this particular.

The second error assigned is the allowance of interest on the judgment from dates not definitely fixed by the proof, and from dates anterior to that asked for by the plaintiff, who prayed that interest might be allowed him from the date of the death of Ventress, and can not therefore recover more. See petition, record p. 2.

Article 552 of the Code of Practice provides that " interest shall not be allowed by the judgment unless the same have been expressly claimed,

and then only in cases in which the law permits such interest to be stipulated." One can not have judgment for more than he claims.  10 An. 485. The judgment must be corrected in this respect also.

The third error alleged is the allowance of the legal mortgage of the minor on the property of his tutor from the date of his appointment, March 16, 1865, because of the absence of proof of registry prior to the first of January, 1870, to preserve the same.

This position is correct so far as the interests of creditors of Ventress are concerned or may be affected. There is, however, as argued by plaintiff's counsel, no evidence of the existence or amount of debts against the succession, nor is it pretended that it is insolvent. The mortgage was certainly good without registry as against Ventress himself, and is equally good against his heirs or partner in community. The judgment should be modified in this respect, so that the mortgage may not affect the rights of creditors.

The plaintiff asks us to amend the judgment by allowing him the amount of a note of James Ward for $2000, and by reducing the amount allowed to the attorneys who filed the account. We think the account allowed on this latter item, $250, was reasonable and properly allowed. As to the Ward note, the evidence in regard to that is that Ward lived in Mississippi, where he was sued by Ventress and judgment recovered; that execution issued, and the property seized was bought in for Ventress at $250. There is nothing to show that it was worth more or that more was realized from it. And it is shown that Ward became a bankrupt, and that ended the collections on the judgment. The accountant has charged the estate in favor of the plaintiff with $833 73 on account of his interest in this note, which is more than would appear to be due from the evidence. It is probable that the property bought for $250 may have been sold for more, and that Ventress therefore very honestly charged himself with the excess, though of this there is no evidence. We see no reason to disturb the judgment as to this item, of which as charged the plaintiff can not complain.

It is therefore ordered, adjudged, and decreed that the judgment of the court below be so amended as to allow the item of nine hundred dollars in the account as having been paid to the plaintiff, charged under the head of passive mass, chapter second of the account as stated; that it be also amended so as to allow interest at five per cent per annum upon the amounts decreed in favor of the plaintiff from the date of the death of James A. Ventress, to wit, the —— day of ——, 18 —, instead of from the dates allowed and fixed in the judgment, and that it be also amended, so that the legal mortgage of the plaintiff against the property of his deceased tutor shall not have effect or operate to the

prejudice of creditors of the decedent, James A. Ventress, or of the succession; and it is further ordered and adjudged that as thus amended the judgment appealed from be affirmed, and that plaintiff and appellee pay the costs of appeal; and as the record before us does not disclose the date of the death of Ventress, the case is remanded to the court below to receive evidence on that point only.