*869 On Application fob Rehearing.
I.
We did not say, as plaintiff’s counsel seem to believe, that Lafon’s answer to the interrogatory propounded to him, could not have been either entirely or partly disproved; but we did say that standing, as it does, unimpeaehed and uncontradicted, it could not be arbitrarily divided.
In substance, Lafon was asked : do you have, in your possession, any effects belonging to Variol, and he answered: I have, but as a pledge; and that answer — as regards the title to and the possession of .those effects — is the only evidence which was adduced on the trial. It discloses two closely connected facts: that he — Lafon—holds and how he holds, and that answer, which is the very foundation of plaintiff’s rule against the garnishee, could not have been divided, for the sole purpose of unjustly changing the rank of their respective claims.
On this point, we are sustained by an almost endless list of authorities, and particularly by the 356th article of the Code of Practice, which provides that “ the party wishing to avail himself of the confession made in answer to an interrogatory on facts and and articles, must not divide them, and that they must be taken entire.”
2 M. 76 ; 3 N. S. 109 ; 4 L. 159 ; 18 L. 6 ; 4 R. 144; 1 M. 204; 9 M. 36 ; 11 M. 217 ; 9 R. 19,173 ; 6 N. S. 569, 706 ; 1 L. 196 ; 3 A. 648 ; 4 A. 342 ; 15 A. 184, 618, 644, 656 ; 26 A. 251 ; 29 A. 540.
II.
It is persistently contended that — in form — the act of pledge relied upon by Lafon, is irregular. We thought and think otherwise. That act contains every one of the mentions which, according to the provisions of our Code, it should have contained ; and — to adopt the construction insisted upon — we would have to judicially legislate and add another, an important mention to the only ones expressly indicated in theCode.
C. C. 3158 (3125).
III.
There are before us but two creditors ; they are each contesting the rank of the other’s claim; and — in fixing that rank — we have determined an issue raised and presented by the parties themselves, and remanded the cause to ascertain what amount is, or may be due to Lafon, under the contract of pledge. In determining the real, and — • in fact — the only issue raised in and by the pleadings, we did not, as charged, act prematurely.
The rehearing is refused.