1817.

The Commonwealth *ex rel.* KERR *against* BRADY *Sunbury.*
    sheriff of *Northumberland* county.

*HABEAS CORPUS.*

*Friday,*
June 13.

On a *habeas corpus* issued in this case, it appeared, that *The register's court has no power to cite an administrator to settle his accounts; and consequently no power to issue an attachment for disobeying such citation.* the defendant, the sheriff of *Northumberland* county, held *Joseph Kerr*, the relator, by virtue of an attachment issued against him by the register's court of *Northumberland* county, for a contempt, in disregarding and disobeying a citation issued from the register's court, on the 28th of *October*, 1816, by which, the said *Joseph Kerr*, was cited to be and appear at the register's office on the 18th *November*, 1816, and then and there, to exhibit to the said register, a true and just inventory, and just account of his administration of *Robert Irwin*, deceased, or to shew cause why an attachment should not issue against him, agreeably to an order of the said court for that purpose convened. The attachment commanded the sheriff to keep the said *Kerr* safely, until he should make a full settlement of the estate of *Robert Irwin*, deceased, one of whose administrators the said *Kerr* was. It was issued on the 10th *June*, 1817, signed by the register, and tested in the name of the president of the register's court, (who was the president of the Common Pleas).

*Watts*, for the relator. The register's court has no power to settle the accounts of administrators, and of course no power to cite an administrator to settle his account. This power is by the act of 27th *March*, 1713,(a) vested in the Orphans' Court.

*Hall*, contra. By the act of 17th *June*, 1712, § 4. (*Purdon's Dig.* 573. *note*,) the register general may call to his assistance, two or more justices of the Common Pleas, and settle the final accounts of executors and administrators, as well as decide on *caveats*. This act has never been repealed; and so far as respects *caveats* is constantly acted on.

*Watts*, in reply, said, that the act of 1712, was impliedly repealed by the act of 1713.

(a) 1 *Smith's Laws*, 81.

1817.

The Commonwealth ex rel. KERR v. BRADY sheriff of Northumberland county.

The opinion of the Court was delivered by

TILGHMAN C. J.   It appears by the return in this case, that *Joseph Kerr* is in the custody of the sheriff of *Northumberland* county, by virtue of an attachment issued by the *register's court* of the same county, for a contempt of the said court, in disobeying their citation to appear before them, and settle his account as one of the administrators of *Robert Irwin*, deceased.   By an old act of assembly made in the year 1712, (*Gallaway's Ed.* p. 64.) the register's court have jurisdiction in cases of *caveat* against the proving of any will, or granting letters of administration, and in cases of settling final accounts of executors or administrators, or making distribution of the estates of deceased persons who died intestate.   This law has never been expressly repealed, and so far as concerns *caveats*, it has been always in force.   But the final settlement of the accounts of executors and administrators, and making distribution of the estates of intestates, having been expressly given to the Orphans' Court, by the act of 27th *March*, 1713, the jurisdiction of the register's court, on these subjects, has been supposed to be taken away by implication, and for a long course of time the practice has been, to settle final accounts in the Orphans' Court and not in the register's court.   The present constitution of the Commonwealth, and the acts of assembly made since, continue to the register's court all the powers which they had before. We are of opinion, that at the time of the adoption of this constitution, the act of 1712, so far as concerned the final settlement of accounts of executors and administrators, was not in force, being either repealed by implication, or obsolete.   The power of the register's court, under the several acts of assembly now in force, extends no further than to decisions on *caveats* respecting the validity of wills, and controversies as to whom letters of administration shall be granted.   The power to call executors and administrators to a final account, and to compel distribution and payment, is vested in the Orphans' Court. The register's court, therefore, having no power to issue this citation, had no power to attach for not obeying it.   It is, therefore, the order of this Court, that the prisoner should be discharged.

Prisoner discharged.