*208 The opinion of the court was delivered by
GibsoN, J.
The consideration of the.bond on which this suit ÍS'brought, is the price of a tract of land. At the trial, the defendant was permitted to prove that while he was treating for the purchase, the plaintiff showed him, as the boundary, lines which are since found not to be so in fact, and that the lines designated in the conveyance, exclude land which was shown to him as a part of the tract. In England such á plea would not be tolerated in a court of law, notwithstanding that in Mr. Chitty's treatise on pleading, (vol. 2, page 495,) there is a precedent for it; but the better opinion is, that only that sort of fraud which is committed in the execution of the instrument, can be pleaded at law. In Pennsylvania, where equity is a part of the law, this distinction is without consequences, fraud being a defence in all casejs. But the objection is rested on ground which is independent of the forum'. In the conveyance to the defendant, the land is described by metes and bounds; and'it is argued, that the evidence contradicted the deed, by showing that the land was sold by other boundaries: and it is also contended, that the declarations of the grantor, having, been made before the execution of the deed, were inadmissible, all former stipulations being merged in the act, which is the consummation of the contract. • The objection on the score of the statute of frauds merits but a passing remark. The evidence respected not the construction of the conveyance, nor any question as to what passed by its terms, but a matter entirely extrinsic, and it therefore was not in contradiction of the deed. The object was not to make out or disclaim title to land by parol, but to show that the defendant had been overreached in the bargain, such as it ap-' peáred on the face of the conveyance: and the evidence was therefore consistent with the conveyance. These declarations by the grantor at any time previous to the execution of the conveyance, are competent evidence to affect not the vendee, but the vendor himself, by showing fraud ip the very concoction of the bargain. It is in general true, that the execution of a conveyance is a fulfilment of all previous bona fide stipulations, because such stipulations ar.e liable to be varied while the negotiation is pending, and the material thing being the definitive conclusion at which the minds of both parties have arrived, the writing by which the evidence of it is to be perpetuated, is supposed to contain the whole contract. But where a continued misapprehension of material facts has been induced on the part of the one, by the misrepresentations of the other, it is obvious that the execution of the writing ought not to extinguish the right of the injured party to show the fraud by which his assent to the contract was obtained. This is a particular head of equitable relief; in affording which, it. is said a deed cannot be set aside in part for fraud; but that it must be set aside in tolo, even though innocent persons are interested under it. But this, I apprehend, must be understood in relation *209 to fraud which goes to the whole contract, and where the injured party is entitled to rescind. In cases like the present, it seems to be our practice to consider the defence as resting on the ground rather of want of consideration as a consequence of the fraud; and the relief is then only commensurate with the actual want of consideration. We are of opinion the evidence contained in these two bills of exceptions, which in principle are essentially the same, was properly admitted.
Judgment affirmed.