## Shepherd *against* Watson.

When a right of way appurtenant to land is plainly conveyed by the terms of a deed, it is incompetent to prove by parol that it was not the intention of the parties that it should be conveyed. And upon such evidence having been given, it is error in the court to instruct the jury, that they must be governed in making their verdict by such evidence of the intention of the parties.

ERROR to *Alleghany* county.

This was an action of trespass *quare clausum fregit,* by *Rachel Watson* against *John Shepherd.* The only question was, whether the plaintiff had a right of way to a certain four feet alley. What gave rise to the question is fully stated in the opinion of the court.

*Burke,* for the plaintiff in error. Cited, 4 *Mass.* 496 ; 6 *Serg. & Rawle* 70 ; 1 *Serg. & Rawle* 227 ; 8 *Johns.* 304, 406 ; *3 Johns.* 387.

*W. W. Fetterman,* for the defendant in error, cited, 1 *Rawle* 108.

The opinion of the Court was delivered by

KENNEDY, J.—This was an action of trespass *quare clausum fregit* brought in the court of common pleas of Alleghany county by *Rachel Watson,* the defendant in error, against *John Shepherd,* the plaintiff in error. Issues were joined upon the pleas of *non cul.* with leave, &c., *liberum tenementum,* and right of way. The only matter in controversy was, whether the plaintiff had a right to the use of an alley four feet in width, to the full extent of eighty-eight feet, along side of a messuage and lot of ground situate and being in the city of Pittsburgh, fronting on Diamond alley about fourteen feet, and extending back from the same southwardly, on a parallel with Wood street, eighty-eight feet.

The plaintiff below claimed under a deed of conveyance bearing date the 19th of July 1815, from *George Watson,* in whom it was admitted by both parties, that the right and title vested at the time of making the deed to her. The property conveyed by this deed is described in the following terms : " a certain lot or piece of ground, situate in the borough of Pittsburgh aforesaid (being part of the lot marked in the plan of said borough No. 351), bounded and described as follows : to wit, beginning on Diamond alley, at the distance of thirty-two feet westwardly from the corner of lot No. 352, and running by Diamond alley westwardly about fourteen feet to a *four feet alley,* thence *by the same* southwardly a parallel line with Wood street eighty-eight feet ; thence eastwardly a parallel line with Diamond alley about fourteen feet ; and thence northwardly a parallel line with Wood street eighty-eight feet, to the place of begin.

ning ; together with all the buildings and improvements thereon ; and together with the free use and privilege of the said four feet alley, also the buildings extending over the same."

The plaintiff in error claimed a right to this four feet alley in right of his wife, who was a daughter of the defendant in error, by virtue of a deed of conveyance, dated the 28th of February 1815, from the defendant in error to *Jane Watson*, the wife of the plaintiff in error. This deed was made in consideration of one dollar, and natural love and affection ; and contains, by way of recital, a reference to the deed of conveyance from *George Watson* to *Rachel Watson*, and the same description of the lot and alley, without the least variation ; and then conveys in fee simple to the wife of the plaintiff in error the lot of ground and use of the alley, describing them in the following terms : "all the aforesaid part of lot No. 351, with the buildings and improvements thereon ; and together with the free use and privilege of the said four feet alley and the buildings extending over the same ; and together with all and singular, the rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging, or in any way appertaining."

On the trial, the plaintiff below called *George Watson*, the original grantor, as a witness, who, without objection, testified, among other things, that the right of alley terminated at the gateway into *Shepherd's* yard, immediately in the rear of the house, which was far short of the depth of the lot and the eighty-eight feet. And that no alley was laid out or right of way granted, except to the extent of the buildings ; and that beyond the house no alley was used, except by the passing of one neighbour into the dwelling house of another.

*Joseph Oliver*, another witness for the plaintiff below, testified that there were buildings on the back part of the lot, and a passage all the way back.

*Jacob Houp*, a witness, produced on the part of the defendant below, among other things, testified, that there was a workshop on the back part of *Shepherd's* lot, and that *Shepherd* had been using the alley all the way back.

The defendant below also offered to prove, by *James M. Riddle*, the scrivener of, and subscribing witness to the deed of conveyance from *Rachel Watson* to the wife of the plaintiff in error, that it was the express understanding and agreement of the parties at the time of the execution of the deed, that the four feet alley extended back the whole depth of the lot (eighty-eight feet), and that the grantee was to enjoy it to that extent. This testimony was objected to by the counsel for the plaintiff below, and overruled by the court, and a bill of exception taken and signed, which is the ground of the second error assigned, and will be disposed of first.

Although it has been said that parol evidence may be admitted to explain a will, when doubtful, but not to contradict it, 2 *Ves.* 216, or, in favour of the legal operation of a will when it would be considered inadmissible if offered against it, *Taylor* v. *Taylor*, 1 *Atk.* 387,

[Shepherd v. Watson.]

yet I take it to be a general rule, well established, that parol evidence shall not be admitted to explain a writing, when the meaning is plain, and free from doubt. 2 *Stra.* 794; 3 *Wils.* 276, 277; 4 *Comyn's Dig.* 100, 101; 2 *Stra.* 1261. Nor yet to contradict, alter, add to, or diminish it. 1 *Dall.* 426, 340; 3 *Serg. & Rawle* 309. The deeds in the present case, by which the right to use the alley is granted, are couched in terms, both as to the granting of the use of the alley, and the width and extent of it, that are perfectly intelligible, plain and unambiguous; and being so, 1 am inclined to think that the evidence offered was not competent, and, therefore, properly rejected.

The only other error assigned, and which is the one chiefly relied on by the counsel for the plaintiff in error, is to the charge of the court; in which they told the jury, " that if from the facts testified to by the witnesses, taken in connexion with Mr *Watson's* testimony, with regard to the use of the passage, they were satisfied that it was the original intention of the grantor of the right of way, that it should extend no further than to give to the grantee an entrance into his premises, that then the plaintiff was entitled to their verdict."

Now it is evident, that no such original intention of the grantor is manifested by the terms or language of his deed. On the contrary, the lot granted thereby is described as bounded by the alley on the western side thereof to its utmost extent in depth from Diamond alley, that is, eighty-eight feet. The words in this part of the description are, "running by Diamond alley westwardly about fourteen feet to a *four feet alley*, thence *by the same* southwardly a parallel line with Wood street *eighty-eight feet*." The words are not " thence *by the same*, for instance, *thirty feet*, and next *by ground of A. B.* fifty-four feet, in all eighty-eight feet," as it ought and no doubt would have been if such had been the fact, and the agreement and understanding of the parties at the time. Or if it had been described more loosely, thus, " thence by the same and ground of A. B. eighty feet," it would have shown that the four feet alley was not the boundary of the lot granted throughout upon that side; and because it would have been doubtful in such a case, from the terms of the deed, how far the alley extended or was intended to be granted, it might perhaps have been proper to have introduced parol evidence of what was originally agreed on in this respect, and of the extent to which the alley had been laid out, opened and used on the ground. Since then the four feet alley is made expressly a boundary to the full extent of the eighty-eight feet or depth of the lot, it is perfectly clear from the terms of the deeds that the free use and privilege of it is expressly granted to the same extent, without qualification or restriction, to the wife of the plaintiff in error. The rule then which I have already noticed, that parol evidence shall not be admitted to contradict, alter, add to or diminish a written instrument, would have excluded the testimony of *George Watson*, which I have recited, if it had been objected to. When we reflect on the great uncertainty

[Shepherd v. Watson.]

of parol, and the comparative certainty of written testimony, the impropriety of substituting the former for the latter, and the gross injustice that would inevitably result from it, make it highly necessary that this rule should never be overlooked, nor yet departed from, except in cases of palpable fraud or plain mistake, when, in order to prevent injustice, parol evidence has ever been admitted. Hence, although the evidence was admitted without objection, I think that the court were wrong in telling the jury that the original intention of the grantor of the right as to the extent of the alley was to govern, and that that intention was to be collected from the facts testified to by the witnesses, taken in connection with it. This was in effect directing them, that if they believed the witnesses, their testimony ought to overrule and control the deed, and the plain intention of the grantor most clearly expressed in it, which ought not to be allowed unless in cases of fraud or mistake, neither of which is pretended here. The intention of the grantor, instead of being collected and ascertained from the parol evidence by the jury, ought to have been ascertained by the court from the deed itself, and given in charge to the jury, with a construction in conformity to it. The court ought to have instructed the jury as a matter of law, that the four feet alley, and the use of it, were granted by the deeds to the full extent of the eighty-eight feet or depth of the lot. The parol evidence of the manner and the extent to which the alley had been used by the grantees can not, and ought not to have been admitted for the purpose of producing any effect whatever in controlling or restricting the plain and express terms of the grant.

Judgment reversed, and *venire de novo* awarded.