## Bowman *against* Bittenbender.

In an action of debt upon a bond given for the purchase money of land, the defendant having set up as a defence that the plaintiff had included in his sale and conveyance a piece of land to which he had no title: *held* that it was competent for the plaintiff to prove, that although the piece of land was included in the agreement and deed, yet the land to be conveyed was distinctly shown to the vendee before the agreement and deed were written, and that he knew he was not to receive a title for the land for which he alleges defect of title.

WRIT of error to *Columbia* county.

Debt on bond by Jacob Bittendender against the executors of Henry Bowman deceased. The bond was given for the purchase money of a tract of land on Nescopeck creek, Luzerne county. The defendants gave in evidence the agreement of sale and the deed of conveyance, both of which described the land by courses and distances, and included a part of the creek for which the vendor had no title. To rebut this, the plaintiff offered to prove, that before the agreement was entered into, he and the defendants' testator were upon the ground, and the lines were distinctly pointed out, which did not include the creek which was conveyed, and that the said vendee knew at the time that he did not purchase that part; and that it was included by mistake in the agreement and deed. This evidence was objected to by the defendants; the objection was overruled, and exception taken.

*Hepburn* and *Bancroft*, for plaintiff in error, cited, 3 *Starkie* 1019; 2 *Ves.* 128, 195; Cozens *v.* Stevenson, 5 *Serg. & Rawle* 421; Lyon *v.* The Bank, 14 *Serg. & Rawle* 286; Denkle *v.* Marshall, 3 *Binn.* 587; Campbell *v.* M'Clenachan, 6 *Serg. & Rawle* 171; Crist *v.* Diffenbaugh, 1 *Serg. & Rawle* 464; Hamilton *v.* Asslin, 14 *Serg. & Rawle* 448; Shepherd *v.* Watson, 1 *Watts* 36; Moser *v.* Lebenguth, 2 *Rawle* 431; Flagler *v.* Pleiss, 3 *Rawle* 345.

*Cooper*, for defendant in error, cited, Thompson *v.* M'Clenachan, 17 *Serg. & Rawle* 113; Stubbs *v.* King, 14 *Serg. & Rawle* 208; Gillespie *v.* Moon, 2 *Johns. Cha. Rep.* 595; Besore *v.* Potter, 12 *Serg. & Rawle* 159; Bank *v.* Clapier, 3 *Rawle* 335.

[Bowman v. Bittenbender.]

The opinion of the Court was delivered by

HUSTON, J.—This cause was argued on the testimony of the surveyor and the official drafts of Bittenbender and Rutter, and whether they included or excluded the creek. All this may have been material before the jury; but the question here was, whether, as both the article and the deed purport to sell the creek the whole distance, it was competent to prove by parol, that in showing the land to be sold, Bowman was distinctly shown that the creek was not included, except for a short distance above the saw-mill dam. If it were material, I would say that the Rittenhouse draft, which was the upper part of the land sold, does not, on its face, include the creek; and yet this is inconsistent with the proof, for the upper spruce is found two perches west of the creek, and the course from it is ten perches long, and will entirely cross the creek to the east side.

It is one thing to prove mistake in drawing a deed, and another to prove that when the land was shown by the vendor to the vendee, it was distinctly said that from a certain point the creek was not included. If this evidence be true, it must be a mistake in the description, or the deed is drawn fraudulently. No one was present when instructions were given to the scrivener; and there was no evidence whether they were written or parol. The cases of King *v.* Stubbs, 14 *Serg. & Rawle* 206, and Moon *v.* Gillespie, 2 *Johns. Cha. Rep.* 385, are authority in favour of the admission of the evidence. The cases of Collam *v.* Hocker, 1 *Rawle* 108, and Shepherd *v.* Watson, 1 *Watts* 36, are against its admission. And there are other cases pro and con.

The truth is, that in selling a lot in town, when the eye sees every part at once, and the streets, lanes and alleys contiguous, the parties may understand when the deed is read whether the description corresponds with the understanding and contract; but when a deed for a tract of land, bounded by twenty courses and distances and corner trees is read to two common farmers, one of whom is vendor and the other vendee, they do not, and cannot tell what precise lands it includes or excludes; at least this is often the case. Afterwards, when the vendee comes to occupy the land and see the lines, he can discover whether his deed comprises more or less than was shown to him; and a vendee who has been injured has been permitted to show it. Here the offer is to show that in fact the vendee had all the land shown to him which was to be sold, and that if his deed comprises more it is mistake; and it seems to me to come within the same principle. The defence is, that he has not all which was conveyed to him by deed; the reply is, You have all that was shown to you and intended to be conveyed, all you expected to get or have any right to.

Judgment affirmed.