The opinion of the Court was delivered by
Tilghman C. J.
The plaintiff declared, that the defendant had made a contract with him, by which he agreed to demise to him a certain house and wharf in the city of Philadelphia, for the term of two years, for a rent of 500 dollars a year payable quarterly, and to deliver him. the full and quiet possession of the premises. On the trial, the plaintiff produced a written lease, in which it was mentioned, that the demised premises were then occupied by a certain George W. diugg, but nothing was said of any engagement by the defendant to deliver possession to the plaintiff. It was contended on behalf of the plaintiff, that although there was no *424 express promise to deliver possession, yet the law implied ci promise; and that is the first question to be now decided. The second question arises on the rejection of parol evidence offered by the plaintiff, to prove that the day before the execution of the law, there was a conversation between the plaintiff and the defendant, in which it was agreed^ that the defendant should deliver the possession to the plaintiff.
On the first point we are all clearly of opinion, that the law implies no promise to deliver possession, from the words of this lease. It is a bare demise for two years, without mention of the lessor’s undertaking to deliver possession, although it is expressly said, that at the date of the lease, the house and wharf were occupied by Hugg. If a lease be made, by the words grant or demise, it amounts to a covenant by the lessor, that he will make satisfaction to the lessee, if he is lawfully evicted, 5 Co. 17. So, covenant lies on the word demise, if the lessor had no power to demise, although the lessee neither entered, nor was evicted. Hob. 12. So also covenant lies against the lessor, if he does an act which destroys, or defeats the effect of his grant, (as if he grant the use of a way, and afterwards stops it.) 1 Saund. 322. But a covenant, by the word demise, is not broken by the eviction of the lessor, unless it be an eviction by good title. Nokes v. James, Cro. Eliz. 674. 4 Co. 80, b. Now in the present instance there was no defect in the title conveyed by the lessor to the lessee. Hugg was the tenant of the defendant, and held over unlawfully. It was in the power of the plaintiff to recover the possession by virtue of his lease, and in fact he did recover it. He had therefore no cause of action against-the defendant.
2. On the subject of parol evidence there has been great diversity of opinion, and perhaps all the cases are scarcely to be reconciled; I mean the cases in the English books, and those of our sister states, as well as our own. But upon a careful examination of the authorities in our own State, it will be found, that we have not gone so far as was asked by the plaintiff in this cause, and I trust we never shall; because every one who has been much engaged in business, must be sensible of the danger of destroying written instruments, by the frail memory of man. Yet there are cases where, to prevent greater evil, the truth should not be suppressed,, though supported by parol evidence only, against writing. I *425 shall not undertake to draw the line, which is to regulate the admission or exclusion of parol evidence in all cases. Such an attempt would be dangerous, and is unnecessary. It will be enough to shew, that the evidence offered in the present case, was not admissible, on any principle hitherto recognised. It will be recollected that the evidence offered, was not of any thing which passed between the parties, at the time of the execution of the lease, nor did it go to prove any mistake of the scrivener who drew the writing, in departing from his instructions, or any fraud, trick, or artifice of the lessor. It was offered on the broad ground of correcting the writing, by evidence of what had previously passed in conversation between the parties ; a ground which, if it be tenable, will make writings worse than nothing, because they will only lull people into a false security. Previous conversations may fairly be supposed to have been drawn to a conclusion by the written agreement. It would be against reason, therefore, to admit them in evidence, unless under special circumstances. One circumstance which justifies the admission of such evidence, is a fraud in obtaining the writing. This was the circumstance which governed Hurst’s lessee v. Kirkbride, our leading case in favour of parol evidence. Hurst obtained the deed from Colonel Fell, by a false and fraudulent assertion, at the time of execution. The deed had not been delivered, when the grantor called on the grantee to take notice, that he did not sell him the manor of Pennsbury. To this the grantee assented, and thus got possession of the deed, which otherwise would not have been delivered to him. This being effected, he set up a claim to the manor, under that very deed. It was a trick, of which the Court were of opinion, he ought not to be permitted to take advantage, and there was no way of preventing it, but by admission of the evidence. Ever since that case, it has been the practice to receive parol evidence of what passed at the time of the execution of deeds, or, as it is sometimes expressed, at and before the execution. In this class of cases, are Field v. Biddle, 2 Dall. 171. M'Minn v. Owen, 2 Dall. 173. Zantzinger v. Ketch, 4 Dall. 132. Dinkle’s lessee v. Marshall, 3 Binn. 587, and Christ v. Diffenbach, 1 Serg. & Rawle, 464. But declarations made by one party at the time of execution, in the absence of the other, have been decided not to be admissible, in the case of *426 Reichart v. Castator, 5 Binn. 109, and Wallace v, Baker, 1 Binn, 610. The Lessee of Thompsons v. White, 1 Dall. 424, turned on the fraud of Lawrence Salter, in obtaining a conveyance of his wife’s estate, under a solemn promise to make a settlement which he afterwards neglected to do. Another circumstance which justifies the admission of parol evidence, is mistake. A mistake, for instance, of a testator, in the name of a legatee, or a mistake of a scrivener in executing his instructions to draw a conveyance. In Powel v. Biddle administrator of Miffin, 2 Dall. 70, parol evidence was admitted, that a legacy to Samuel Powel was intended for a person whose name was William Powel, but supposed by the testator to be Samuel, and always so called by him in his life-time. Other circumstances under which it has been judged proper to admit parol evidence, are to be found in cases of trust, and in cases where the evidence is not inconsistent with the writing. But these being inapplicable to the present controversy, I forbear to enlarge on them. On the contrary, the general rule, that parol evidence shall not be admitted to destroy, controul, add to, or alter, a written instrument, has always been adhered to unless the case has been brought within one of the exceptions. Now what is there in the present case, which should take it out of the general rule ? It is said by the plaintiff’s counsel, that it tended to shew a mistake in drawing the writing. But the tendency was too vague and too general, for on the same principle all evidence which contradicts a writing, may be said to tend towards the proof of a mistake in drawing it; and thus the rule which guards against the admission of such evidence would be prostrated. It is incumbent on him who alleges a mistake in drawing a writing, to lay a foundation, by proving in the first instance what instructions were given to the drawer. Nothing of that kind was offered here, so that the case cannot be supported on the principle of mistake. Neither do we think that it falls within any other exceptions heretofore recognised. It is the opinion of the Court, therefore, that the motion for a new trial should be rejected, and judgment entered for the defendant.
Motion for a new trial refused.