### COLLAM *against* HOCKER.

#### IN ERROR.

Parol evidence is not admissible to prove the reservation of a right of way, which is not reserved by or noticed in the deed.

WRIT of error to the District Court for the city and county of *Philadelphia*, in which a verdict and judgment were returned in favour of the plaintiff below.

It was an action on the case, to recover damages for a disturbance of a right of way. On the trial below it appeared, that *John Hocker* (the plaintiff below) and *Christopher Hocker*, were, on the 17th day of *September*, 1822, tenants in common of a messuage and lot of ground on *Green* Street. They also owned, in severalty, the two adjoining houses to the east, the middle house being *Christopher's*, and the easternmost *John's*. The ground on which these three messuages were erected, was sold to the *Hockers* by one *West*, who reserved a rent charge. By the terms of the contract with *West*, he was not to complete the sale by a deed of conveyance, until the *Hockers* had made, sufficient erections to secure the rent charge. *John* and *Christopher* laid out the ground into three lots, and built these three houses at their joint expense, and the ground was so arranged, that there was a passage way, or alley, from the rear of the easternmost lot, across the rear of the middle lot, and through the eastern part of the westernmost lot, under an arch-way to *Green* Street. *John* and *Christopher Hocker* subsequently resolved upon a division in the above form, which was effected by receiving three separate deeds from *West*, apportioning the ground rent.

On the 17th of *September*, 1822, *John* and *Christopher Hocker* conveyed, by one deed, the middle and westernmost messuages to one *Enoch Addis*, in fee, and the said *Enoch*, on the fifth of *July*, 1823, conveyed the westernmost messuage to *Collam*, the defendant below, who, in the month following, closed up the alley at the point where it entered his lot. From the time of the erection of the buildings, to this period, the alley had been enjoyed by the tenants of the easternmost house, and was divided off from the lots through which it passed, by a substantial board fence.

In the deed from the *Hockers* to *Addis*, there was no reservation of a right of way for the benefit of the easternmost house; but, on the trial, the plaintiff below offered to prove that there was a parol reservation at the time this conveyance was made, and that the defendant bought with notice of such reservation. This evidence was objected to, but admitted by the court; whereupon, the plaintiff examined *Christopher Hocker*, and *Enoch Addis*, who deposed

(Collam v. Hocker.)

that the said alley was distinctly reserved at the time of making the contract, and that it was their contract that it should remain in the state in which it then was, for the benefit of *John Hocker's* house.   They also deposed that the scrivener who drew the deed, read it to them, and they all declared it was right.   It was then proved that the defendant, *Collam,* had been often heard to declare that " he had never bought the alley, but that his deed gave it to him, and he had an undoubted right to take it in."   At the request of the defendant's counsel, the court sealed a bill of exceptions.

The error assigned in this court, was the admission of parol testimony to prove the right of way, which was not reserved by, or noticed in the deed.

*Rawle,* for the plaintiff in error, contended, 1st, That there was no fraud or mistake, which distinguishes this case from *Hurst* v. *Kirkbride,* 1 *Binn.* 616.   *Thomson* v. *White,* 1 *Dall.* 424.   *Field* v. *Biddle,* 1 *Yeates,* 132.   2 *Dall.* 171.   *Dinkle* v. *Marshall,* 3 *Binn.* 587, and all the other cases which establish and limit the admissibility of parol evidence to vary written instruments in *Pennsylvania,* and that it more resembled the cases of *Snyder* v. *Snyder,* 6 *Binn.* 483, *Pickering* v. *Stapler,* 5 *Serg. & Rawle,* 107, *Heagy* v. *Umberger,* 10 *Serg. & Rawle,* 341.   2dly, That the parol evidence admitted was not of what occurred *at,* but *before* the execution of the instrument, and that the deed must be considered a consummation of all previous bargaining, and the final intent of the parties.   *Cozens* v. *Stevenson,* 5 *Serg. & Rawle,* 421.

3dly, The statute of frauds declares that all leases, estates, &c. (excepting leases for three years) made or created by parol, shall have the effect of leases or estates at will only.   Here the plaintiff attempts to set up a right of way by parol, which, being a species of estate, is, therefore, in contravention of the statute.   *Jones* v. *Peterman,* 3 *Serg. & Rawle,* 543.

*Haly* and *F. W. Hubbell,* for the defendant in error, argued, 1st, That this parol testimony was admissible in *Pennsylvania,* on the authority of *Hurst* v. *Kirkbride,* cited in 1 *Binn.* 616. *Thompson's Less.* v. *White,* 1 *Dall.* 424.   *Peterson* v. *Willing,* 3 *Dall,* 506.   *Less. of Dinkle* v. *Marshall,* 3 *Binn.* 587.   *Christ* v. *Diffenbach,* 1 *Serg. & Rawle,* 464.   *Campeli* v. *M'Clenachan,* 6 *Ib.* 171.   *Hill* v. *Ely,* 5 *Serg. & Rawle,* 363.   *Lyon et al.* v. *Huntingdon Bank,* 14 *Ib.* 285.   *Stubbs* v. *King,* *Ib.* 206.   *Frederick* v. *Campbell.* *Ib.* 293.   *Miller* v. *Henderson,* 10 *Ib.* 290.   *Mackey* v. *Brownfield,* 13 *Ib.* 239.   They contended that the term, " fraud," in those cases, did not mean a tricking, overreaching, or deceiving the party at the time of the contract, but the fraud of setting up a written agreement in contravention of the parol stipulation and expressed intent of the parties.

2dly, That this case is distinguished from *Cozens* v. *Stevenson,* 5 *Serg. & Rawle,* 421, thus; that case was decided on the presumption that the last agreement was the consummation of the party's

intention.    In the present case, such presumption is rebutted by the evidence of the grantee and one of the grantors, who deny that they waived the parol agreement by the deed, and also by the defendant's declarations.    Such presumptions may be so rebutted.  *Stubbs* v. *King*, 14 *Serg. & Rawle*, 206.    *M'Dowel* v. *Cooper*, *Ib.* 297.

3dly, This case is easily distinguished from all the other cases in *Pennsylvania*, in which it has been decided, that parol evidence was not admissible, in this: that in none of those cases was there a parol *contract*.  The parol evidence was either of declarations by one party, not communicated to the other, or, of parol declarations by one party, not assented to or acquiesced in by the other, and forming no part of the consideration of the deed; and if there were no contract, there was no fraud in the sense that we have defined it, to wit; a fraudulent setting up of a written instrument, in contravention of the parol agreement of the parties.

4thly, The statute of frauds has no sort of application to this case; for the question here, is not what estate may *pass* or be *raised* by parol; for the right of way is a part of the ancient dominion, but whether that has been given away.    The plaintiff seeks not to *raise* any *new* estate, but to remain in *statu quo.*

The opinion of the court was delivered by

SMITH, J.—This case comes before the court, upon a writ of error to the District Court for the city and county of *Philadelphia.* It was an action of trespass on the case, brought by the defendant in error against the plaintiff below, for obstructing his right of way.

The plea was, not guilty.

The cause was tried on the 17th day of *April*, 1826.    On the trial in the court below, the plaintiff, the now defendant in error, gave in evidence, that he and his brother, *Christopher Hocker*, were, on the 17th day of *September*, 1822, seised in their demesne, as of fee, of two brick houses and lots of ground, in *Green* Street, in the township of the *Northern Liberties*, in the county of *Philadelphia*, and being so thereof seised, by deed, dated the same day and year, conveyed the same to a certain *Enoch Addis*, in fee. The plaintiff below further proved, that, at the time of the said conveyance to *Enoch Addis*, he, the said *John Hocker*, was seised, in fee, of a certain other house and lot of ground, contiguous to the easternmost of the said houses, and, after having given this evidence, then offered to prove and give in evidence, "that a right for himself, his heirs and assigns, tenants and occupiers of the same house, to use an alley across the rear end of the lot on which the easternmost of the two houses is erected, and between the easternmost and westernmost of said houses, so, as aforesaid, granted to the said *Enoch Addis*, was *verbally* reserved for him, at the time of executing the said deed:    That the said *Enoch Addis verbally* agreed to the said reservation, and that the defendant purchased of the said

(Collam *v.* Hocker.)

*Enoch*, with notice of the said reservation."—This being objected to by the defendant's counsel, the court overruled the objection, and admitted the evidence to be given, and sealed a bill of exceptions. This case then presents the following point:—Can parol testimony be admitted to show the reservation of a right of way, or of an alley, though not noticed or reserved in the deed?. I would here observe, that it does not appear to me to be absolutely necessary for this court, in the present case, (nor is such my intention) to draw the exact line which should regulate the admission or exclusion of parol evidence in all future cases. If we were to do so, it might lead to great injury, and, in the language of a very learned and excellent judge, " I would not undertake to do this."—If it be shown that the evidence received, was not, on legal principles, admissible, it will be sufficient for the decision of the present point. It has often been said, that courts should be very cautious in admitting *any* parol evidence to *supply* or *explain* written contracts, and that it ought not to be suffered, so as to contradict or explain away an explicit agreement. And, in *Meres* v. *Ansell et al.* 3 *Wils. Rep.* 275, the court said, no parol evidence was admissible to substantially vary, alter, or impugn a written agreement; neither is it admissible to *abate* or *extend* a deed.—In this state, I take it, the principle that parol evidence, which goes to destroy, contradict, extend, or alter a deed, is inadmissible, has been recognized, with some salutary exceptions and modifications;—for instance, where fraud or surprise in obtaining the deed, mistake of the scrivener in departing from his instructions, or any other clear matter of mistake are made to appear and present themselves to the court, parol evidence has been held to be admissible in this state.—In the present case, the evidence given was not to prove any kind of fraud, or surprise, or any mistake of the scrivener in executing his instructions; nothing of the sort was pretended;—on the contrary, it appears that the lots of ground were fairly sold, and conveyed, absolutely, by deed, to *Enoch Addis*, in which no reservation of a right of way is made or mentioned; nor do we hear that any thing of this alleged reservation of a right to use an alley across the rear end of the lots, was ever reduced to writing, or ever mentioned to the scrivener who drew the deed, or left out of it by any mistake; indeed, it is somewhat singular, that neither the scrivener nor the witnesses who were called; neither *Christopher Hocker* nor *Enoch Addis*, who made the bargain, state, or pretend to intimate, that it was left out of the deed by mistake, or that it had been agreed to be inserted in it:—to say the most of it, it was a mere parol reservation, left in parol, and depending on parol. Is then such a case within the rules or exceptions in which parol testimony has been admitted and received to vary a written deed? We think not.—The right of way is an incorporeal right, which will not pass without deed;—it is the subject only of a grant to be passed by deed, and not by livery and seisin, and could not here be passed by a parol agreement, inconsis-

(Collam *v.* Hocker,)

tent with the deed from *Hocker* to *Addis;* nor do I apprehend, that, under the existing circumstances of the present case, in relation to this claim of the right to the alley, chancery would or could compel a deed to be executed for it, by *Addis* or *Collam.*—The parties mistook the law if they thought a right of way might be reserved by parol.—The salutary rule of law, that where an agreement is reduced to writing, all previous treaties between the parties, are resolved into that, is strictly applicable here. The intention of the parties must be collected from their written expressions, and not from circumstances *dehors* their deeds. In this deed their expressions are intelligible, and need no foreign aid to explain them; and no ambiguity appears on the face of their deed. When then we have presented to us, a case in which parol testimony was offered and admitted to vary and contradict a deed, (not an agreement but an absolute deed, the completion of all bargaining,) and to establish a right of way by parol, we are of opinion the parol evidence ought not to have been received. And, therefore, the judgment of the District Court should be reversed, and a *venire facias de novo* awarded.

Tod, J. dissented.

Judgment reversed, and a *venire facias de novo* awarded.