PATRICK M'KENNAN and JAMES HENDERSON *against* STEPHEN DOUGHMAN.

All agreements for the sale and purchase of land, are consummated and extinguished by the deed.

If therefore the grantor makes a deed to the grantee, which contains a general warranty of title, he cannot afterwards show by parol, that an agreement was made a few days before, that the grantee was to patent the land.

The purchase money due the commonwealth, is an incumbrance which may be set up as a defence to the payment of bonds given for land, which the grantor covenanted to convey clear of incumbrances.

WRIT of error to Mifflin county.

This was an action of debt brought by *Stephen Doughman* against *Patrick M'Kennan* and *James Henderson* on two bonds, one conditioned for the payment of fifty pounds on the 1st April, 1822, the other for the payment of sixty-two pounds ten shillings, on the 1st April, 1823. These bonds having been read to the jury the plaintiff rested.

The defendants then proved that the consideration of the bonds was a tract of land sold by *Doughman* to *M'Kennan*, and produced the deed therefor, dated 1st April, 1815, which contained a general warranty of the title. The defendants then further showed by certified copies and certificates from the land office, that the purchase money was still due to the commonwealth, and that no patent had ever issued for the land.

To rebut this, the plaintiff offered to prove that the bargain between him and *M'Kennan* was, that *M'Kennan* was to patent the land himself.

To this evidence the defendants objected: the court admitted the evidence and sealed a bill of exception.

The witness then said: " In the last week of March, or first of April, 1815, he met *M'Kennan*, who told him that *Doughman* had thrown off two hundred dollars from the price of the land for patenting it—the witness told him he thought he had made a good bargain, in getting two hundred dollars for that." On his cross-examination, the witness said, " when this conversation took place, *M'Kennan* was then at the bank to get the hand-money to pay *Doughman*.

A witness who was present at the execution of the bonds and deed testified, that there was nothing said about the patenting then.

The defendants' counsel requested the court to charge the jury, " that if they believe that the conversation which took place between *M'Kennan* and the witness was before the execution of the deed and bonds, all previous agreements between the parties were

consummated by the deed, and the defendants have shown a good defence to the amount of the patenting money."

To which the court in substance answered, " That if the jury believed the parol evidence, and that the agreement between *M'Kennan* and *Doughman* was, that *M'Kennan* was to pay for patenting the land, such agreement would not be extinguished by the execution of a deed containing a clause of general warranty. That the patenting money was an incumbrance upon the land; and if the jury disbelieved the parol evidence, they should defaulk the amount thereof from the bonds: if they believed it, they should find the whole amount of the plaintiff's claim."

The admission of the parol evidence, and the opinion of the court were assigned as error.

*Fisher,* for plaintiff in error.

The conversations, as testified by the witness must have been before the execution of the deed, and if so, should not have been received: for all contracts and understandings between the parties were consummated by the deed. No fraud in its execution was alledged; parol evidence was therefore inadmissible, *Thompson* v *White,* 1 *Dall.* 424. *Snyder* v. *Snyder,* 6 *Bin.* 483. *Wallace* v. *Baker,* 1 *Bin.* 610. *Gilpin* v. *Consequa,* 1 *Peters C. C. Rep.* 85. *Dinkle* v. *Marshall,* 3 *Bin.* 587. *Heagy* v. *Umberger,* 10 *Serg. & Rawle,* 339. *Christ* v. *Diffenbach,* 1 *Serg. & Rawle,* 464. *Hain* v. *Halbach,* 14 *Serg. & Rawle,* 159. *Hamilton* v. *Asslin,* 14 *Serg. & Rawle,* 448. *Christine* v. *Whitehill,* 16 *Serg. & Rawle,* 98. *Bollinger* v, *Eckert,* 16 *Serg. & Rawle,* 422.

*Hale,* for defendant in error.

The parol evidence may have been received to explain fraud or mistake; for the warranty had been special and was made general by an interlineation. What takes place at and immediately before the execution of a deed may be proved by parol. *Campbell* v. *M'Clenahan,* 6 *Serg. & Rawle,* 171.

The opinion of the court was delivered by

SMITH, J.—(His Honor here stated the facts of the case.) The exception to this decision, brings before us the question, (and it is the only one in the cause,) whether the parol evidence offered, was admissible on principles heretofore decided and recognized? It is to be remembered the evidence was not presented to prove what actually passed between the parties, at the time of or immediately before the execution and delivery of the bonds and deed; nor to prove any trick, or fraud practiced by the grantor, nor any mistake by the person who drew the bonds or deed. It was offered on the broad ground, to show, that a few days before the bonds and deed were executed, some parol agreement was made between the parties, by which *M'Kennan* was to patent the land. It does not appear, that any thing was said by the parties on the subject,

(Patrick M'Kennan and James Henderson *v.* Stephen Doughman.)

when the deed and bonds were executed; no article of agreement was then produced; no mistake of the scrivener pretended; no allegation, that he was misinformed by any of the parties, or that he misunderstood, or disobeyed his instructions: on the contrary, it appears, that the deed was amended just before the execution, for the purpose of embracing the covenant of general warranty above stated: this then is the naked case, in which parol evidence was admitted, to contradict and control the express covenant of a deed, freely executed and delivered, and as freely accepted; which is contrary to the general rule, always adhered to in this state, with very few enumerated exceptions, that parol evidence, shall not be admitted to destroy, control, add to, or alter a written instrument: Here, the deed, altered and amended, *at* or immediately *before* the execution, was clearly the consummation of all previous bargaining, and contained the final intent and agreement of the parties. These principles long since decided, have often been recognized by this court, particularly in *Cozens* v. *Stevenson,* 5 *Serg. & Rawle,* 421, and in *Collam* v. *Hocker,* 1 *Rawle,* 108.

Judgment reversed, and a *venire facias de novo* awarded.