## DISPOSITION OF MONEY GARNISHED IN A VOID PROCEEDING.

Circuit Court of Hamilton County.

BRANDT ET AL V. RABENSTEIN ET AL.

Decided, June 6, 1908.

*Attachment and Garnishment—Reversal of Proceedings before Justice*
*of the Peace for Lack of Jurisdiction—Speaks as of the Date of*
*the Reversal—Disposition of Money Garnished—Dismissal.*

Where it has been adjudged on review of a suit in attachment that the
justice of the peace was without jurisdiction, any order which
the justice may have made as to payment of the money is void

and it becomes his duty to return it to the garnishee, notwithstanding the dismissal of the petition by the reviewing court may have been erroneous.

*Otis H. Fisk*, for plaintiff in error.
*Gideon C. Wilson*, contra.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

While there is some confusion in the petition as to what order or judgment of the justice of the peace was reversed by the common pleas court, it is made definite and certain by reference to the number of the case in the latter court, the essential averment being that the common pleas court dismissed the action pending before the justice, and that judgment being affirmed by the circuit court remains unreversed. The motion upon which the judgment is founded was not merely to discharge the attachment, but to dismiss the action for want of jurisdiction of the person of the defendant, and is almost identical with that considered in the case of *Smith* v. *Hoover*, 39 O. S., 249. The judgment of reversal and final judgment of dismissal speak as of the date of the judgment reversed. *Rupp* v. *Phillips et al*, 1 C. C., 108.

Even if it be conceded that the courts erred in dismissing the action, and that it was still pending before the justice, it being adjudged that the justice was without jurisdiction, any order he made disposing of the money otherwise than by payment to the garnishee was null and void; and the omission of the judgment debtor to give an undertaking for a stay of execution did not relieve the justice of the obligation to return the money to the garnishee, who, although not the absolute owner, had paid it to the justice upon his order and was liable to account to the real owner.

We find no prejudicial error in the record and the judgment will be affirmed.