## Nauman *v.* Treen Box Co., Appellant.

*Vendor and vendee—Sale of real estate—Encumbrances—Easement—Continuous use—Railroad siding.*

1. An executory agreement for the sale of real estate, if it requires a clear title to be conveyed, cannot be enforced by the vendor, if there is an easement affecting the property, even though it was visible and notorious at the time the agreement was made.

2. Where an owner of land subjects part of it to an open, visible, permanent and continuous service or easement in favor of another part, and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be.

3. The test of a continuous easement is whether or not it is of a nature adapted to continuous use.

4. An easement is not permanent unless the owner has such a right to it as cannot be taken from him, save as the result of his own act or neglect, or under constitutional authority for public purposes.

5. A railroad siding is an open and visible easement, but is not a permanent one. Not decided whether it is a continuous easement.

6. There is no implication of a reservation of a right to use a railroad siding, which is beneficial to a grantor's property; it must be expressly reserved, or the right to its use across the property purchased by the grantee will be lost.

Argued January 21, 1924. Appeal, No. 35, Jan. T., 1924, by defendant, from decree of C. P. No. 1, Phila. Co., Sept. T., 1921, No. 7865, for plaintiff on bill in equity, in case of Paul Nauman v. Treen Box Co. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Reversed.

Bill in equity for injunction. Before BARTLETT, J. The opinion of the Supreme•Court states the facts. Decree for plaintiff. Defendant appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Clarence E. Blackburn,* with him *Graham & Lamon,* for appellant.—In the absence of fraud, accident or mistake, evidence is not admissible to establish a parol reservation of a right of way which is not mentioned in the deed: Adams's App., 7 W. N. C. 86.

If it should be argued that this is a way of necessity, it would seem that the cases do not so hold: Ogden v. Grove, 38 Pa. 487; McDonald v. Lindall, 3 Rawle 492; Sechrist v. Boro., 45 Pa. Superior Ct. 105.

*G. Von Phul Jones,* with him *Charles G. Gartling,* for appellee.—This case is ruled by Blauser v. Carson, 74 Pa. Superior Ct. 223.

See also: Liquid Carbonic Co. v. Wallace, 219 Pa. 458; Grace Church v. Dobbins, 153 Pa. 294; Casey v. Canning, 43 Pa. Superior Ct. 31; Cannon v. Boyd, 73 Pa. 179; Overdeer v. Updegraff, 69 Pa. 110; Manbeck v. Jones, 190 Pa. 171.

OPINION BY MR. JUSTICE SIMPSON, March 24, 1924:

On April 22, 1919, plaintiff sold and conveyed to defendant's predecessor in title a piece of ground situated at the corner of Tioga and Tulip Streets (two open, public highways of the City of Philadelphia), retaining, for his own use as a coal yard, the balance of his lot, fronting on Tulip Street. Along Tioga Street there then was and still is a freight track, from which, at the time of the sale and for some years prior thereto, a siding or spur ran across the lot conveyed by plaintiff, and to and upon that retained by him; but the deed from him to defendant's predecessor in title, makes no mention of it, and the question we are asked to decide is whether or not a right to the use of the siding across defendant's property was nevertheless impliedly reserved to plaintiff. Defendant denied the right, and the railroad company, on notice from him, having refused to move any more coal cars over the siding, plaintiff filed the present bill in equity to have his right established by an appropriate decree, and defendant enjoined from interfering with it. The court below so decreed, and defendant appeals.

If we were considering an executory agreement for the sale of real estate, which expressly required a clear title, we would be compelled to decide that defendant could refuse to take the property, despite the visible and notorious character of the siding: Evans v. Taylor, 177 Pa. 286; Patterson v. Freihofer, 215 Pa. 47; McDermott v. Reiter, 279 Pa. 545. Here, however, the contract has been executed; in which event, the various courts of

the country differ widely regarding the effect of the conveyance, where, as in the instant case, a private right of way has not been expressly reserved. In perhaps the larger number of jurisdictions (19 Corpus Juris 920, note 75), it has been held that if the deed makes no reference to an easement, which, though beneficial to the rest of the grantor's property, is not strictly a way of necessity, the law will not imply a reservation of it, for the reason that a vendor will not be permitted to derogate from his own grant. In effect we so held in Collam v. Hocker, 1 Rawle 108. In the instant case there is no claim of a way of necessity; doubtless for the reason that plaintiff has access, by Tulip Street, to the unsold part of the property.

Upon much consideration, we later abandoned the rule of Collam v. Hocker, supra (Kieffer v. Imhoff, 26 Pa. 438), and reached the conclusion, which has since been definitely formulated as follows: "Where an owner of land subjects part of it to an open, visible, permanent and continuous service or easement in favor of another part, and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be": Grace Methodist Episcopal Church v. Dobbins, 153 Pa. 294, 297. This conclusion has been steadily maintained by us, and has become a rule of property, to which stare decisis compels us to adhere, so long as it is not altered by legislation. Incidentally, it may be said it has the support also of the courts of last resort in almost as many jurisdictions as approve the opposite rule: 19 Corpus Juris, 921, note 79.

Is then this siding of the character above specified? It is of course open and visible; a structure of this kind necessarily is. At common law it was not treated as continuous, however, because its physical use depends on the act of man: Jones on Easements, 119, 120. Under that rule, a private road, no matter how much traveled, would not be a continuous easement, while a drain, however infrequently used, was always held to be

so.   By the civil law, however,—which we early followed on this particular subject (Kieffer v. Imhoff, supra)—a broader and more sensible rule obtains, for the test of a continuous easement is whether or not it is of a nature adapted to continuous use, and hence an ordinary right of way, such as a road, a path, or an alley, has been held to be continuous.   Whether or not a railroad siding would be within that class, need not be considered on this appeal, for we are of opinion it is not a permanent easement.

A careful study of the authorities here and elsewhere, has revealed but two cases (Kamer v. Bryant, 102 Ky. 723, and Southern Pacific Co. v. Los Angeles Mining Co., 177 Cal. 395) in which railroad sidings have been treated as easements, and in neither of them was the present question considered or determined.   In the former the grant was of a stone quarry "with the appurtenances and privileges thereunto belonging"; and the court held that since the grantee had for 24 years continued to use a switch track, over which the grantor had previously carried stone to the railroad, this construction of the deed by the parties would be adopted by the court.   It was also said that, under the particular facts there appearing, the switch was a way of necessity.   In the California case, a railroad company had for 33 years used a spur over defendant's land, connecting it with various industrial establishments, some of which had been built at great expense, after inquiry of defendant's officers, and an assurance from them of the abutter's right to use the spur.   It was held that the use was a public one, which the railroad might have acquired in condemnation proceedings, and hence the landowner could not properly interfere with it.   A reference was made also to the general rule, that if a tract of land is "burdened by an obvious easement in favor of other persons, or other parts of a larger tract, an implied understanding arises that the burdens and correlative advantages shall continue as they existed before the sep-

aration of the title"; but the question now before us was not mooted nor decided.

In this State the requisite of permanency has been stated several times. In Phillips v. Phillips, 48 Pa. 178, 185, we said: "It is not to be understood by this doctrine that any temporary convenience adopted by the owner of property is within it. By all the authorities it is confined to cases of servitudes of a permanent nature." In Adam's App., 7 W. M. C. 86, we cited Kieffer v. Imhoff, supra, as deciding that "the pretended privilege or servitude must be palpable and manifest, and obviously permanent in its nature." In Francies's App., 96 Pa. 200, 207, the master held "That all easements, of whatever class, which pass by implication or construction of law, must be necessary, apparent and permanent in their character; that a temporary provision or arrangement, made for the convenience of the entire estate, will not constitute the degree of necessity and permanency required to burden the property with a continuance of the same, when divided or separated by conveyances to different parties"; and we affirmed "upon the remarkably clear and able opinion of the learned master."

In applying these cases we must not overlook the fact that an easement of this character, though incorporeal, is an interest in land; hence, if it is to be decreed to be a permanent easement, the owner must, as in the case of other interests in land, have such a right to it as cannot be taken from him, save as the result of his own act or neglect, or under constitutional authority for public purposes. "It is obvious that a permanent easement can be entirely extinguished only by the act of the owner of the fee in the dominant estate, or by the acts of another authorized or acquiesced in by such owner": 9 R. C. L. 808. Thus tested, it is clear that this siding is not a permanent easement, for it may be destroyed, or rendered valueless by the acts of third parties, over whom plaintiff has no control whatever, and despite the most strenuous objections made by him. For instance, the city, by

appropriate proceedings, may greatly change the grade of or vacate Tioga Street; the railroad company may relocate its line, without incurring any liability for so doing, though it causes the relinquishment of a switch which had been in use for many years (Palmer v. Delaware, Lackawanna & Western R. R., 277 Pa. 1); by consent of the Public Service Commission, the railroad may abandon this part of its line, and by approval of the court of common pleas it may dissolve and retire from business: Act of April 9, 1856, P. L. 293; New York & Penna. Ry. Co. v. Pub. Ser. Com., 72 Pa. Superior Ct. 523; Peoples Natural Gas Co. v. The Pub. Ser. Com., 279 Pa. 252. Each and every one of these contingencies, all of which are beyond the control of plaintiff, would effectually destroy the railroad siding as an easement, for thereafter it could not be used. This being so, it cannot be one of the appurtenances which, because of its open and notorious character at the time of the conveyance by plaintiff, was impliedly reserved, although it was then, as it still is, a valuable adjunct to his coal yard. It is rather one of those business conveniences which must be expressly reserved, if it is to be enforced against a grantee; a conclusion at least partially sustained by the fact that the bill only avers it to be "essential to the plaintiff's proper and convenient use of his premises as a coal yard and for the conduct of his business"; and by the further fact that when first constructed it was built for and used by the front property only, and was later extended for the benefit of the rear lot, when the coal yard was located there.

The decree of the court below is reversed, and the bill in equity is dismissed at the cost of appellee.