Geissel et ux. v. Supplee et al., Appellant.

Argued November 19, 1928.

Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Guy W. Knauer,* and with him *J. Paul MacElree,* for appellant.—The easement claimed by plaintiffs does not possess the quality of permanency: Francies' Appeal, 96 Pa. 200; Nauman v. Treen Box Co., 280 Pa. 97.

*Harold R. McCowan,* and with him *Howard S. Okie,* for appellees.—The defendants having granted the use of the water pipe by implication cannot now be heard to derrogate from their grant which is effective against them as owners of the servient tenement, without express reference to the pipe line in appellees' deed: Koons v. McNamee, 6 Pa. Superior Ct. 445; Dzmura v. Gyurik, 41 Pa. Superior Ct. 398; Frick v. Wirt Co., 2 D. & C. 405; Anania v. Serenta, 275 Pa. 474; Tide Water Pipe Co. v. Bell, 280 Pa. 104.

Opinion by Trexler, J., March 1, 1929:

The defendants were the owners of a tract of land containing about one hundred acres upon which had been erected a mansion house and a gardener's house. The plaintiffs purchased the gardener's house and one-half acre of ground surrounding it and at the time of the sale, it was indicated to the purchasers that the source of water supply of the gardener's house came

from a main which ran across the tract upon which the mansion house was situated. This is the only source of water supply for the plaintiffs' house.

From 1924 to October 22, 1927, the date of the filing of the bill, the occupants of the gardener's house received and paid for the water which they used, the same being supplied by a public service company. There is no reference made to the water supply in the deed, the property was sold with "the appurtenances thereunto and belonging, or in any wise appertaining." On October 12, 1927, the defendants notified the plaintiffs that the water would be cut off after October 25, 1927, and that they would not be permitted to receive water through the water line referred to, whereupon the plaintiff filed the present bill for a preliminary injunction asking that defendants be restrained from cutting off the supply of water. The prayer was granted and the injunction afterwards made permanent. It is undisputed that both parties to the deed knew of the existence of the pipe line and knew that it furnished the only water supply to the property conveyed. The lower court found "when defendants purchased the entire tract, they took it in the same condition as their predecessor in title had prepared and improved it. When they conveyed the smaller tract to the plaintiffs, with the pipe line extending across the part they retained, the easement was necessary, permanent and notorious—know to both parties and was represented to plaintiffs as their source of water supply."

The only question which might affect its permanence is the fact that there is evidence that at the time of the conveyance, the water supply was under discussion and that one of the vendors stated that the vendee was to have the use of the water supply until such time as a main was put in the road in front of his house. We do not think that this affects the question.

The conveying of water to the grantor's property was not at its inception a temporary expedient or arrangement, but was made for the convenience of the entire estate. That a suggestion was made for an alternative source of supply does not change the nature of the grant. We do not decide what rights the vendors have to close the present supply when another source of supply is practicable. Suffice it to say as to this phase of the case that at present it would require the laying of seven hundred feet of pipe over a private street in order to make the connection between the water company's service pipe to plaintiff's building and under no view of the case is the plaintiff required to do that.

This easement or right to have the pipe remain upon the entire premises was attached to plaintiff's property. It does not lie in the mouth of the defendants to state that they are not bound by the grant. Apart from the legal aspect of the case, a sense of right would dictate that the conditions surrounding the grant at the time it was made should continue, for the vendees had a right to assume that the property that they received would be supplied with water as theretofore. The defendants have cited cases in support of the position that they had a right to shut off the water, but they differ from the present case in that in those cases the control of the easement was in the hands of a third party such as a railroad company. They seek to bring this case under those cases by the statement that the water company may relocate its water mains, dissolve and retire from business and thereby render the pipe line across the defendant's property useless and of no value as an easement to the plaintiff. Citing, Nauman v. Treen Box Co., 280 Pa. 97.

It seems that the appellant in support of their argument are imagining a situation that will never arise.

As the lower court suggests the water company supplying the water to the plaintiffs is a public service company and is bound to furnish water to its customers and can be forced to do so by the Commission. If the company should attempt to shut off the supply, that would be a matter between it and the plaintiffs with a possible recourse to the commission, but the defendants cannot invoke such a supposititious and unlikely occasion to bolster up their attempt to wrongly deprive the plaintiffs of their rights.

The conclusions of the chancellor are amply fortified by our cases. They are to the effect that "where an owner of land subjects part of it to an open, visible, permanent and continuous service or easement in favor of another part, and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be." Grace Methodist Episcopal Church v. Dobbins, 153 Pa. 294, 297. In Nauman v. Treen Box Co., supra, the court states, "This conclusion has been steadily maintained by us, and has become a rule of property, to which stare decisis compels us to adhere, so long as it is not altered by legislation."

Other cases which support this doctrine are Koons v. McNamee, 6 Pa. Superior Ct. 445, 448 (water pipe case); Dzmura v. Gyurik, 41 Pa. Superior Ct. 398, 401; Casey v. Canning, 43 Pa. Superior Ct. 31; Anania v. Serenta, 275 Pa. 474; Tide Water Pipe Co. v. Bell, 280 Pa. 104, 112.

The lower court relied upon Anania v. Serenta, supra, "In that case an owner of an entire tract constructed a reservoir and piped water to a hotel building on the tract. The owner died and the tract was divided and sold to different parties. The purchaser of the portion on which stood the reservoir undertook to cut off the supply of water that had been and was being piped to the hotel. He was restrained from so doing on the ground that the prior owner had created

an easement on the land for the benefit of the hotel building and the purchaser was entitled to the benefit of it." We see no difference between the present case and that, except that in that case the source of supply was not derived through the property, but was on it and the difference in that regard does not affect the principle involved.

The decree of the lower court is affirmed and the appellant to pay the costs.