## Senior and Schindel, Inc. v. Czinka

*John J. Barbera*, of *Barbera & Barbera*, for plaintiffs.

*Alexander Ogle*, for defendants.

SHAULIS, *J.*, April 25, 1974 — This equity case is before the court on a complaint filed by Mary Jane Senior, an individual, and Schindel, Inc., a Pennsylvania business corporation, against George Czinka and Katherine Czinka, his wife, for a preliminary injunction until hearing and a permanent injunction thereafter, enjoining defendants from preventing Mary Jane Senior or her agents from entering upon defendants' property to repair and maintain a sewer line which extends from plaintiff Mary Jane Senior's property across the the property of defendants and to further enjoin defendants from doing, or causing to be done, any act or thing to interfere or prevent the use and enjoyment by plaintiff of the easement and said sewer line.

Both plaintiffs seek money damages from defendants.

Defendants did not file a reply or any other pleadings.

A preliminary injunction was granted by this court on January 10, 1973 (Coffroth, *P. J.*) upon plaintiff posting bond in the amount of $1,000, and the case was scheduled for hearing on January 23, 1973.

## FACTS

Plaintiff, Mary Jane Senior, individually owns a tavern building and the property on which it is situated in Paint Borough, Somerset County, Pa., which she leases to plaintiff, Schindel, Inc. That property was purchased by Mary Jane Senior from defendants and others by deed dated December 31, 1970, and recorded February 5, 1971, in Somerset County Deed Book, Vol. 695, page 424. At the time of the conveyance to Mrs. Senior, defendants and other grantors also owned an adjoining property on

which was situated a dwelling house occupied by defendants, the deed to said adjoining property being recorded in Somerset County Deed Book, Vol. 636, page 58. By deed dated June 8, 1972, and recorded in Somerset County Deed Book, Vol. 722, page 78, defendants became sole owners of the said property previously owned by themselves and others.

At the time of the conveyance to Mary Jane Senior, there existed a buried sewer line leading from the building on the present Senior property across the property of defendants to the municipal sewer system. Such sewer line was and is the sole means of disposing of the sewage from said premises. On or about August 23, 1972, defendants caused to be removed a section of the sewer line thereby disrupting the sewage disposal from the property and causing the sewage to back up into the basement of the tavern building.

Prior to the consummation of the sale of the tavern property to Mary Jane Senior, there was no mention of the sewer line and plaintiffs were not aware that it crossed defendants' land, but this fact was brought to their attention at some time after the purchase was made and after defendants had received the full purchase price.

At the first hearing on the preliminary injunction, the parties by their counsel stipulated to the following facts and we include them in our findings:

1. Prior to defendants' selling a parcel of land to plaintiff, Mary Jane Senior, in December 1970, defendants owned both tracts of land here involved.

2. While defendants owned both tracts, they constructed the building (which is now the tavern operated by Schindel, Inc.) on the tract now owned

by Mary Jane Senior and at that time the sewer line in question was installed by defendants from the property presently owned by plaintiff, Mary Jane Senior, across the property then and now owned by defendants.

3. The existing sewer line, since the time of original construction, has been the sole means of disposing of sewage from the premises presently owned by Mary Jane Senior.

4. Defendants had knowledge of the existence and location of the sewer line from the time they initially constructed it up to the present time.

While the record does not indicate the exact date the sewer line was installed, defendants' counsel in his "Memorandum and Argument" suggests that it was shortly after defendants purchased the property in August of 1945 and this would seem to fit in with the general testimony.

We find as a fact that plaintiff, Mary Jane Senior, suffered damages as a result of the acts of defendants in removing sections of the sewer tile, causing the sewer to back up in her basement and requiring her to spend the sum of $194.79 to make repairs to the furnace, to rent a pump, to clean up the basement, and payment for an injunction bond so that she could legally go upon defendants' property to repair the sewer line after they refused her permission.

Because of the conditions caused by the sewer backing up, plaintiff, Schindel, Inc., was required to close for business for a period of 12 days and lost a total of $508.97 in lost profits.

## DISCUSSION

The primary issue involved in this case is whether or not plaintiff, Mary Jane Senior, has an

easement for a sewer line over the property of defendants. To determine this question, we must first determine whether at the time defendants constructed the sewer line over their dwelling property and connected it to their tavern property and then continued to use it as such, they created an apparently permanent servitude on the dwelling property. If there is an easement in favor of plaintiff, Mary Jane Senior, it is an implied easement.

In De Pietro v. Triano, 167 Pa. Superior Ct. 29, 74 A. 2d 710, the court said:

"To establish an easement by implication on the severance of the unity of ownership in an estate there must be (1) a separation of the title, (2) such continuous and obvious user before the separation as to show an intention to make the alleged easement permanent, (3) the easement must be necessary to the beneficial enjoyment of the land granted or retained; and (4) the servitude should be continuous and self-acting.": Becker v. Rittenhouse, 297 Pa. 317, 147 Atl. 51; Spaeder v. Tabak, 170 Pa. Superior Ct. 392, 85 A. 2d 654.

There can be no doubt that all four requirements mentioned in the case of De Pietro v. Triano, supra, are present in this case.

1. There has been a separation of the title upon the conveyance to plaintiff, Mary Jane Senior.

2. It was stipulated that from the time of construction of the sewer line in question, the line was the sole means of disposing of the sewage from the tavern premises. No other system was used and no other system existed. Defendants clearly and obviously constructed the sewer line to benefit the tavern property, as the value of such property would have been nominal without a sewage facility. The testimony shows that because of the loca-

tion of the tavern and the location and depth of the municipal sewer line, no alternative was practicable. While the case of Heffley v. Lohr, 149 Pa. Superior Ct. 586, 27 A. 2d 275, makes it plain that implied easements do not arise only from absolute necessity, the practical difficulty of an alternate connection with the municipal sewer system is a further indication of defendants' intent to permanently benefit the tavern property by having its sewer line run across the dwelling property. It is obvious that plaintiff, Mary Jane Senior, was purchasing the property with the existing sewer system as she knew of no other. It would be ludicrous to permit these defendants to sell a property with an existing sewer system and, after they have received their money, to withdraw part of what they sold.

3. The practical necessity and obvious intention of defendants when they constructed the sewer line clearly satisfies the necessity standard as that standard was explained in Heffley v. Lohr, supra.

4. The sewer line was the sole method of disposing of sewage from the tavern property from its construction to the present time and it was, therefore, continuous and self-acting.

The court in Heffley v. Lohr, supra, very clearly stated the law on this subject when it said:

"Of course, one cannot have an easement in his own land but 'it is a well-settled rule that where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude, at the time of the severance, is in use and is reasonably necessary for the fair enjoyment of the other part of the estate, then upon a severance of the ownership, a grant of the right to continue such use arises by implication of law.'"

See also 25 Am. Jur. 2d, Easements, §33; Manbeck v. Jones, 190 Pa. 171, 42 Atl. 536; Nauman v. Treen Box Co., 280 Pa. 97, 124 Atl. 349.

Plaintiff, Mary Jane Senior, had a right to assume that the sewer system was a permanent part of the property which she purchased. See Geissel v. Supplee, 95 Pa. Superior Ct. 358, where the issue was the easement for a water line and the court said:

"This easement or right to have the pipe remain upon the entire premises was attached to plaintiff's property. It does not lie in the mouth of the defendants to state that they are not bound by the grant. Apart from the legal aspect of the case, a sense of right would dictate that the conditions surrounding the grant at the time it was made should continue, for the vendees had a right to assume that the property that they received would be supplied with water as theretofore."

Counsel for defendants has submitted a "Memorandum and Argument" which is neither supported by the record nor the law. Counsel cannot supply by brief what the record lacks in facts. There is no evidence in this record that defendants were not properly represented by counsel or that it would have made any difference if they had, or had not been, since the record is clear that there were no discussions of the sewer system until after the deed was delivered and defendants received their pay for the property. The knowledge concerning the sewer line was within the exclusive control of defendants and we have found, as we must, from this record that this knowledge was not imparted to plaintiffs until after the transaction was closed.

There is likewise no evidence in this record that plaintiff, Mary Jane Senior, could install a sewer

line over her own property at a reasonable expense and the evidence is to the contrary.

Moving to the question of damages, counsel for defendants argues that even if an implied easement was created by the conveyance of the tavern premises, the actions of George Czinka cannot be imputed to his wife so as to make her liable in damages for his removing the tile and causing the sewer to back up in the basement of the tavern and he urges upon us the agency theory in negligence cases which we do not view as applicable nor do we consider an agency problem involved.

The record shows that at the time defendant, George Czinka, removed the tile from the sewer line for the purpose of preventing the sewage from flowing through the line across his property and into the municipal sewer, his wife and co-defendant in this case, was one of the owners with him as tenants by the entireties of the property upon which the tile was removed. As a co-owner she did nothing to prevent the damage. Had George Czinka been successful in his efforts of forcing plaintiffs to discontinue the use of the easement, the benefits would have enured to his wife as a joint owner of property by the entireties and she cannot accept the benefits without sharing the responsibilities. The wife did not repudiate the actions of her husband but either actively joined therein or acquiesced therein for whatever benefit she might receive and cannot now be heard to deny her part when it comes to assessing damages. See Schweitzer v. Evans, 360 Pa. 552, 63 A. 2d 39.

Accordingly, we make the following

## CONCLUSIONS OF LAW

1. The Court of Common Pleas of Somerset

County, Pa., sitting in equity, has jurisdiction over the subject matter and of the parties.

2. Plaintiff, Mary Jane Senior, has an implied easement for the sewer line over the land of defendants in its present location.

3. Plaintiff, Mary Jane Senior, is entitled to damages as a matter of law,

4. Plaintiff, Schindel, Inc., is entitled to damages as a matter of law.

## DECREE NISI

Now, April 25, 1974, it is ordered and decreed that:

1. The preliminary injunction heretofore entered is made permanent.

2. Defendants are permanently restrained from doing, or causing to be done, any act or thing to interfere with or prevent the use and enjoyment by plaintiff, Mary Jane Senior, her heirs or assigns, of the sewer easement across and under defendants' property.

3. Plaintiff, Mary Jane Senior, is awarded damages against defendants in the amount of $194.79.

4. Plaintiff, Schindel, Inc., is awarded damages against defendants in the amount of $508.97.

5. Defendants shall pay the record costs.

Unless exceptions are filed within 20 days, this decree nisi shall be entered by the prothonotary on praecipe as the final decree sec. reg.

## ORDER ON EXCEPTIONS

Before: Coffroth, *P. J.*, and Shaulis, *J.*

SHAULIS, *J.*, July 1, 1974—This case is before the court en banc on exceptions filed by defendants to an adjudication and decree nisi. After hearing

arguments on the exceptions and a complete review, we find no merit in any of the exceptions

Accordingly, the court makes the following

### FINAL DECREE

Now, July 1, 1974, the exceptions are dismissed and the prothonotary is directed to enter the decree nisi as a final decree. Costs on defendant.