FILED
United States Court of Appeals
Tenth Circuit

December 10, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JERMAINE LAJUAN WRIGHT,

Petitioner - Appellant,

v.

JUSTIN JONES, Director,

Respondent - Appellee.

No. 10-5098
(D.C. No. 4:06-CV-00476-CVE-FHM)
(N.D. Okla.)

ORDER
DENYING CERTIFICATE OF APPEALABILITY

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Petitioner Jermaine Wright, a state inmate proceeding pro se, seeks a

certificate of appealability ("COA") allowing him to appeal the district court's

denial of his Fed. R. Civ. P. 60(b) motion seeking reconsideration of the denial of

his motion to amend his habeas corpus petition, 28 U.S.C. § 2254. Because we

conclude that Mr. Wright has failed to make the necessary showing, we deny his

request for a COA, and dismiss the appeal.

Background

Following a jury trial, Mr. Wright was convicted of robbery with firearms,

drug possession, attempting to elude a police officer, and possession of a firearm.

1 R. 94-95. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgments and sentences on July 15, 2005. Id. at 96. Mr. Wright filed his federal habeas petition on September 13, 2006. Id. at 1. He identified four grounds for relief: denial of due process, two grounds of prosecutorial misconduct, and insufficient evidence. Id. at 4-12. In addition, he filed a motion to amend on April 6, 2009 in which he identified three additional grounds: ineffective assistance of appellate counsel for failing to raise a claim concerning Oklahoma's "85% Rule," failure of the court to instruct the jury on that rule, and coercion of jurors. Id. at 88-90.

On August 12, 2009, the district court denied both the habeas petition and the motion to amend. Id. at 93-109. Specifically, the court held Mr. Wright could not amend his petition to add new claims because those claims were time-barred under 28 U.S.C. § 2244(d)(1)(A). Id. at 97-98. Mr. Wright did not appeal the district court's ruling, but filed a "motion for reconsideration" on July 23, 2010, seeking "only the reconsideration of his **Motion to Amend** issues since his innocence and improper sentencing can be established from such." Id. at 111, 113 (emphasis in original). Mr. Wright argued that the court should reconsider his motion to amend because he was housed at a private prison facility that did not have legal libraries or inmate legal assistants and because when he received the court's order, he was in segregation which prevented access to legal materials. Id. at 111-12. The district court treated the motion as a "true" Rule 60(b) motion

and denied relief on July 27, 2010. Id. at 118, 120. Mr. Wright filed a notice of appeal on August 9, 2010. Id. at 120-21. On appeal, he raises the same arguments raised in the habeas petition and motion to amend. Aplt. Combined Opening Br. & Application for a COA at 1-5.

## Discussion

This court does not have jurisdiction to review the order denying § 2254 relief because no timely appeal was filed. See Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). Thus, we cannot review the district court's denial of Mr. Wright's claims concerning due process, prosecutorial misconduct, and insufficient evidence. We may, however, review the district court's denial of Mr. Wright's "true" 60(b) motion. See Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1241-42 (10th Cir. 2006) (reviewing denial of Rule 60(b) motion even though the notice of appeal for the merits judgment was untimely).

As an initial matter, we agree with the district court that Mr. Wright's motion for reconsideration should be considered a "true" 60(b) motion because it was filed more than ten days after the August 12 denial of the motion to amend, see Manco v. Werholtz, 528 F.3d 760, 761 (10th Cir. 2008) (citing Hatfield v. Bd. of Cnty. Comm'rs, 52 F.3d 858, 861 (10th Cir. 1995)), and it challenges a procedural ruling of the district court—whether the claims in the motion to amend

- 3 -

were timely filed.  Spitznas v. Boone, 464 F.3d at 1213, 1216 (10th Cir. 2006) ("[A] 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition." (citing Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 2648 & n.4 (2005))).

Before he may proceed, Mr. Wright must obtain a COA.  See id. at 1217-18 (holding that where the district court denies a "true" 60(b) motion, "we will require the movant to obtain a [COA] before proceeding with his or her appeal").  A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the decision appealed from involves a procedural ruling, we will not issue a COA unless "'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Spitznas, 464 F.3d at 1225 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The district court concluded that Rule 60(b) relief was not appropriate because Mr. Wright sought to add claims more than two years after the expiration of the one-year limitations period, and he failed to show that he was entitled to equitable tolling.  1 R. 119-20.  "We review the district court's denial of a Rule 60(b) motion for an abuse of discretion . . . keeping in mind that Rule 60(b) relief

- 4 -

is extraordinary and may be granted only in exceptional circumstances." Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008) (quotation marks and citations omitted).

We recently made clear the showing a habeas petitioner must make to be entitled to equitable tolling. See Lopez v. Trani, --- F.3d ----, 2010 WL 4923891(10th Cir. Dec. 6, 2010). "Where a petitioner's equitable tolling argument relies on cause and prejudice, such as petitioner's argument in [Miller v. Marr, 141 F.3d 976 (10th Cir. 1998)] that he lacked access to applicable statutes, he must demonstrate that he diligently pursued his federal claims as part of his showing of cause for the delay in filing." Id. at *3. "Where, however, a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay." Id. Rather, "a sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for failure to bring these claims forward earlier." Id. To establish a credible claim of actual innocence, a petitioner must support his claim with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327.

In his Rule 60(b) motion, Mr. Wright argued that he lacked access to legal materials and that he was actually innocent. First, he argued that he was housed at a private prison facility that did not have a legal library or inmate legal assistants and that when the district court denied his motion to amend, he was housed in segregation which further prevented him from accessing legal materials. 1 R. 111-12. We agree with the district court that his generalized grievance fails to meet <u>Miller</u>'s equitable tolling requirement. <u>Id.</u> at 119; <u>see also</u> <u>Miller</u>, 141 F.3d at 978 ("It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). The district court did not abuse its discretion in denying the Rule 60(b) motion on these grounds.

Mr. Wright also contended in his Rule 60(b) motion that his actual innocence could be established from reconsideration of his motion to amend. 1 R. 113. Specifically, Mr. Wright argued that the jury was coerced to make a finding of guilt and that the court's failure to inform the jury of Oklahoma's 85% Rule resulted in a longer sentence. <u>Id.</u> at 113-14. The district court held that Mr. Wright was not entitled to equitable tolling because he failed to provide new evidence showing his actual innocence and did not diligently pursue his federal habeas claim. <u>Id.</u> at 120. As discussed above, a petitioner is not required to show that he diligently pursued his federal habeas claim when seeking equitable tolling of the statute of limitations under a claim of actual innocence. Still, we hold that

- 6 -

the district court did not abuse its discretion in denying the Rule 60(b) motion.

Mr. Wright provided no additional evidence to show actual innocence. In addition, his claims about Oklahoma's 85% Rule, which requires a court to instruct a jury that a convicted defendant must serve at least 85% of his sentence, concern a state law issue that is not cognizable in a § 2254 proceeding. See Lopez, 2010 WL 4923891, at *3 (citing Shafer v. Stratton, 906 F.2d 506, 510 (10th Cir. 1990)); see also Foote v. Province, 316 Fed. App'x 790, 793 & n.1 (10th Cir. 2009).[*] The trial court did not abuse its discretion.

Mr. Wright has failed to show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," which is required to obtain a COA where the decision appealed from involves a procedural ruling. Slack, 529 U.S. at 484.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[*] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A).